UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

STONE TECHNOLOGY (HK) CO., LTD.,
an HK COMPANY,

          CASE NO.: 1:20-cv-23251

    Plaintiff,

v          State Court Case No.: 2020-014350-CA-01

GLOBAL GEEKS, INC.,
a New Jersey Corporation.

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, GLOBALGEEKS, INC. ("Defendant"), by and through undersigned counsel, files this Notice of Removal in the above-captioned matter, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. This removal is made pursuant to 28 U.S.C. §§ 1332 and 1441. Removal is proper because there is diversity of citizenship, and an aggregate amount in controversy that exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

1. On July 8, 2020, Plaintiff, STONE TECHNOLOGY (HK) CO., LTD., filed the removed case, *Stone Technology, (HK) Co., Ltd.s v. GlobalGeeks, Inc.,* Case No.: 2020-014350-CA-01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. Plaintiff served the Complaint on Defendant, GLOBAL GEEKS, INC., on July 9, 2020.

3. Plaintiff served an Amended Complaint on Defendant on July 24, 2020.

4. The basis of Plaintiff's breach of contract claim involves two purchase order agreements executed between Plaintiff and Defendant for the purchase of 3-ply masks. The first purchase order agreement, PO82811, called for the purchase of 2,462,500 3-ply masks for a total

_____
**SAAVEDRA | GOODWIN**

Case 1:20-cv-23251-BB   Document 1   Entered on FLSD Docket 08/05/2020   Page 2 of 4

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Notice of Removal to Federal Court
Page 2 of 2

purchase price of $492,500.00 USD. The second purchase order agreement, PO82813, called for the purchase of 817,000 3-ply masks for a total purchase price of $163,400.00 USD.

5. The Purchase Agreements for both PO82811 and PO82813 were attached to the Complaint and Paragraph 24 of both Purchase Agreements contains a New Jersey choice of law provision and contains a jurisdiction provision providing that disputes may be brought in either the New Jersey or Florida court system.

6. In accordance with Local Rule 7.2 and pursuant to 28 U.S.C. § 1446(a), true and legible copies of all papers on file with the state court are attached hereto as **Exhibit 1**. These papers include Plaintiff's original Complaint, the accompanying service documents, and Plaintiff's Amended Complaint. Defendant has not yet filed its answer to Plaintiff's Amended Complaint filed July 24, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendant is not aware of any other pending motions or brief.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving written notice of the removal of this case on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Eleventh Judicial Circuit in Miami-Dade County, Florida. A true and correct copy of the Notice of Filing Notice of Removal being filed on this date in the Eleventh Judicial Circuit is attached within **Exhibit 1**.

8. Nothing in this Notice shall constitute a waiver of Defendant's right to assert any defense, including a motion to dismiss, as the case progresses.

### VENUE

9. Venue is proper under 28 U.S.C. § 1141(a) because this Court is the United States District Court for the district and division embracing the place where the state court was pending.

### REMOVAL IS TIMELY

10. The removal is timely under 28 U.S.C. § 1446(b). Plaintiff filed its Complaint on July 8, 2020. Plaintiff served the Complaint on Defendant on July 9, 2020. *See* Exh. 1. Defendant filed this Notice of Removal within thirty (30) days of service, as required by law. Accordingly, removal is timely as it falls within this thirty-day period.

_____
**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Notice of Removal to Federal Court
Page 2 of 2

## BASIS FOR REMOVAL OF JURISDICTION

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.

12. First, there is diversity between the Plaintiff and Defendant.

13. The Plaintiff is an active company incorporated in Hong Kong, and maintaining offices in Palmetto Bay, Florida. Defendant is a Corporation incorporated in the State of New Jersey.

14. A corporation is a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff recognizes, they are an entity of a foreign state conducting business and maintaining offices in the State of Florida.

15. Because Plaintiff is a citizen of Hong Kong (a foreign state) and Defendant is not a citizen of Florida, the parties are minimally diverse.

16. Second, the aggregate amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). *See* Complaint Exh.1.

17. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id.* (quoting and citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008)). Indeed, "for the purposes of jurisdiction, what is actually recoverable is irrelevant; instead, it is the amount Plaintiff is seeking, and therefore putting in controversy, that is determinative." *Kilmer v. Stryker Corp.*, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014).

## CONCLUSION

1. Pursuant to 28 U.S.C. §§ 1332 and 1441 hereby removes the above-captioned matter from the Circuit Court of the Thirteenth Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District Court of Florida, Miami-Dade Division.

*{Certificate of Service Attached}*

_____
**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Notice of Removal to Federal Court
Page 2 of 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via E-Service to: Jianyin Liu, Esq.,The Law Offices of James Liu, PLLC, 15750 SW 92nd Ave, Unit 20C, Palmetto Bay, FL 33157 (jamesliulaw@gmail.com) on this **5th** day of August, 2020.

By: */s/ Glen M. Lindsay*_____
Glen M. Lindsay, Esq.
Florida Bar Number: 59200
Email: GLindsay@saavlaw.com
*Attorneys for Plaintiff*
**SAAVEDRA | GOODWIN**
312 SE 17th Street, Second Floor
Fort Lauderdale, Florida 33316
Tel: (954) 767-6333 | Fax: (954) 767-8111

_____
**SAAVEDRA | GOODWIN**