☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☑ CIVIL | SUMMONS 20 DAY CORPORATE SERVICE | 2020-014350-CA-01 |
| ☐ DISTRICTS | (a) GENERAL FORMS | |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| STONE TECHNOLOGY (HK) CO., LTD. | GLOBAL GEEKS, INC. | |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on

defendant(s): _____

GLOBAL GEEKS, INC.

1256 North Church St., Sutie 3&4, Moorestown, NJ 08057

⬜

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: _____ Jianyin Liu, Esq.

whose address is: _____ ADDRESS: 15750 SW 92nd Ave Unit 20C,

Palmetto Bay, FL 33157

*(right margin, vertical text):* Initial Service Copy    Time Date & Return Copy

Date Rec: 7 - 9 - 2020 11 ?
Server: _____
Date Served: _____
Time _____

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK of COURTS | 308760 DEPUTY CLERK | DATE 7/8/2020 |
|---|---|---|

# AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CASE NUMBER:

Stone Technology (HK) Co., Ltd.,
an HK Company,

**Plaintiff,**

Global Geeks, Inc.,
a company registered in NJ,

**Defendant.**

_____/

### COMPLAINT

Plaintiff, STONE TECHNOLOGY (HK) CO., LTD. (hereafter the "Plaintiff") by and through its attorney, hereby brings this action against Defendant, GLOBAL GEEKS, INC.(hereafter the "Defendant"), and alleges:

### NATURE OF THIS ACTION

1. This is an action, *inter alia*, for breach of contract to enforce Defendant's obligation to return Plaintiff in the amount of $655,900 for two purchase agreements with PO#82811 and PO#82813.

### PARTIES, VENUE, AND JURISDICTION

2. Defendant GLOBAL GEEKS, INC. is currently an active company that was incorporated in New Jersey, with its principal place of business at 1256 North Church St., Suite 3&4, Moorestown, NJ 08057.

3. Plaintiff is currently an active company that was incorporated in Hong Kong, maintaining an office in Palmetto Bay, Miami-Dade County Florida.

4. In both contracts, Defendant entered the agreement with Plaintiff with a forum selection clause, which states "the Seller and Buyer hereby attorn to either the jurisdiction of the

Page 1 of 5

Courts of the State of New Jersey or courts of the State of Florida." *See Clause 24 of the Purchase Orders in Exhibit "A" and "B."*

5. The amount at issue exceeds thirty thousand dollars ($30,000), exclusive of costs, attorney fees and interest, and is within the jurisdiction of this Court.

## FACTUAL BACKGROUND

6. Defendant signed a Purchase Agreement with Plaintiff on Jun. 16, 2020, agreed to purchase 817,000 pieces of 3-ply masks from Plaintiff at a price of $0.20/pc (twenty cent US dollar per piece). *See Exhibit "A" for Purchase Agreement PO82813.*

7. Defendant agreed to pay for the goods ordered with a sum of one hundred sixty-three thousand four hundred ($163,400) USD, paid by accounting payment settlement within 14 days. *See Clause 3 of Purchase Agreement of PO82813.*

8. Plaintiff released all the 817,000 pieces of 3-ply masks to Defendant at the warehouse maintained by Speedy Logistics Inc., at 125 Jackson Ave Edison, NJ 08837, on or around Jun. 17, 2020.

9. Until the date of filing this complaint, more than 14 days have passed, Defendant has not paid Plaintiff. Defendant also expressed that they would not pay this amount of money to Plaintiff.

10. Defendant breached its obligation of paying Plaintiff in 14 days, in addition, Defendant expressly repudiated to fulfill their obligation.

11. It causes a damage of one hundred sixty-three thousand four hundred ($163,400) USD to Plaintiff.

12. In Clause 9 of the Purchase Agreement of PO82813, Plaintiff, as the Seller in the Purchase Agreement of PO82813, established a security interest on the whole purchase order.

13. Plaintiff is entitled to the proceeds of the PO82813 as a secured interest.

14. Defendant signed another Purchase Agreement with Plaintiff on Jun. 10, 2020, agreed to purchase 2,462,500 pieces of 3-ply masks from Plaintiff at a price of $0.20/pc (twenty cent US dollar per piece). *See Exhibit "B" for Purchase Agreement of PO82811.*

15. Defendant agreed to pay for the goods ordered with a sum of four hundred ninety-two thousand five hundred ($492,500) USD, paid by accounting payment settlement within 14 days. *See Clause 3 of Purchase Agreement of PO82811.*

16. Plaintiff released all the 2,462,500 pieces of 3-ply masks to Defendant at the warehouse maintained by Speedy Logistics Inc., at 125 Jackson Ave Edison, NJ 08837, on or around Jun. 11, 2020.

17. Until the date of filing this complaint, more than 14 days have passed, Defendant has not paid Plaintiff, in addition, Defendant expressly repudiated to fulfill their obligation.

18. Defendant breached its obligation of paying Plaintiff.

19. It causes a damage of four hundred ninety-two thousand five hundred ($492,500) USD to Plaintiff.

20. In Clause 9 of Purchase Agreement of PO82811, Plaintiff, as the Seller in the Purchase Agreement of PO82811, established a security interest on the proceeds of all the goods sold under PO82811.

21. Plaintiff is entitled to the proceeds of the Purchase Agreement of PO82811 as a secured interest.

## COUNT I – BREACH OF CONTRACT

22. Plaintiff alleges and incorporates by reference Paragraphs 6-21 above as if they are fully set forth at length herein.

23. Defendant and Plaintiff entered into two valid and enforceable contracts of purchase as evidenced by the Purchase Agreement of PO82811 and PO82813.

24. Plaintiff had fulfilled its obligations to deliver all the ordered goods described in the two Purchase Agreements and Defendant received all the goods as described on or around Jun. 11, 2020 and Jun. 17, 2020, respectively.

25. However, Defendant failed to fulfill its obligation to pay Plaintiff in 14 days as agreed pursuant to Clause 3 of the two Purchase Agreements, in addition, Defendant expressly repudiated to fulfill their obligations to pay Plaintiff total amount of the two orders.

26. All the conditions precedent either have been satisfied, or have occurred or been waived.

27. Plaintiff suffer a total damage of six hundred fifty-five thousand and nine hundred ($655,900) USD as a result of Defendant's breach of the contracts.

28. Plaintiff requests this Court to grant compensatory damage, and other relief as the Court deems proper.

## COUNT II: ENFORCEMENT OF SECURITY INTEREST PURSUANT TO § 679.601 FLA. STAT. (2019)

29. Plaintiff alleges and incorporates by reference Paragraphs 6-21 above as if they are fully set forth at length herein.

30. § 679.601 entitles Plaintiff to enforce the security interest after default, which states as below:

**679.601 Rights after default; judicial enforcement; consignor or buyer of accounts, chattel paper, payment intangibles, or promissory notes.—**

(1) After default, a secured party has the rights provided in this part and, except as otherwise provided in s. 679.602, those provided by agreement of the parties. A secured party:

(a) May reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure;

Fla. Stat. § 679.601 (2019).

31. In Clause 9 of both Purchase Agreement of PO82811 and Purchase Agreement of PO82813 , Plaintiff, as the Seller in both purchase agreements, established a security interest on the proceeds of all the goods sold under both purchase agreements.

32. Plaintiff is entitled to the proceeds of the Purchase Agreement of PO82811 and PO82813 as a secured interest, as Defendant has defaulted in the payment.

33. Plaintiff requests that this Court grant an order to garnish the proceeds of PO82811 and PO82813 from Defendant.

**WHEREFORE**, Plaintiff, Stone Technology (HK) Co., Ltd., respectfully requests that this Honorable Court enter judgment as follows:

A. Against Defendant, Global Geeks, Inc. for damages Plaintiff has suffered, in a total amount of $655,900;

B. plus its interest as this Court deems proper to Plaintiff;

Page 4 of 5

C. enter an order to garnish the proceeds of PO82811 and PO82813 from Defendant.

D. and for such other and further legal or equitable relief as this Court may deem proper.

## Jury Trial Request

34. Plaintiff demands a jury trial for this case.

> Respectfully submitted,
> The Law Offices of James Liu, PLLC
> 15750 SW 92nd Ave Unit 20C
> Palmetto Bay, FL 33157
> Cell: (305) 776 5064
> Designated Email: jianyin.cdc@gmail.com;
> jamesliulaw@gmail.com
> By: /s/ *Jianyin Liu*
> JIANYIN LIU, ESQ.
> FBN: 1007675

# EXHIBIT "A"



**GlobalGeeks Inc.**

Moorestown
1256 North Church St.
Suites 3&4
Moorestown NJ 08057
United States
+1 (800) 421-6603

# Purchase Order

| Date | PO # |
|------|------|
| 6/15/2020 | PO82813 |

| Vendor | Ship To |
|--------|---------|
| Stone Technology (HK) Co Ltd.<br>Room 1709, Futan Building West, Shennan Road,<br>Futan, Shenzhen, PRC | Moorestown<br>1256 North Church St.<br>Suites 3&4<br>Moorestown NJ 08057<br>United States |

| Location | Memo | Terms | Incoterm | | | | | Total QTY |
|----------|------|-------|----------|--|--|--|--|-----------|
| Moorestown | | | | | | | | |

| Item | Description | Quantity | Rate | Amount | Received |
|------|-------------|----------|------|--------|----------|
| 3PLY Mask | | 817,000 | 0.20 | 163,400.00 | 0 |
| | | | Total | | $163,400.00 |

Ahmad Loul

06 / 16 / 2020

凃玉平

06 / 17 / 2020



PO82813

## Purchase Agreement

**THIS PURCHASE AGREEMENT (the "Agreement") dated this 15th day of June, 2020**

### BETWEEN:

Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian, Shenzhen, PRC

(the 'Seller')                    OF THE FIRST PART

- AND -

GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057 (the 'Buyer')

OF THE SECOND PART

**IN CONSIDERATION OF THE COVENANTS** and agreements contained in this Purchase Agreement the parties to this Agreement agree as follows:

### Sale of Goods

1. The Seller will sell, transfer and deliver to the Buyer the following goods on or before the day of 06/15/2020 (the 'Goods'): 3PLY MASKS

### Purchase Quantity

2. The Buyer agrees to purchase 817,000 3ply masks in this purchase agreement.

### Purchase Price

3. The Buyer will accept the Goods and pay for the Goods with the sum of one hundred sixty-three thousand four hundred ($163,400.00) USD (the "Purchase Price"), paid by accounting payment settlement within 14-days.

4. The Seller and the Buyer both acknowledge the sufficiency of this consideration. In addition to the Purchase Price specified in this Agreement, the amount of any present or future sales, use, excise or similar tax applicable to the sale of the Goods will be paid by the Buyer, or

*Ahmad Loul*

孙锌

06 / 16 / 2020

Page 1 of 5

06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

alternatively, the Buyer will provide the Seller with a tax exemption certificate acceptable to the applicable taxing authorities.

## Delivery of Goods

5. the goods will be deemed received by the Buyer when it is checked out from the 3rd party warehouse of Seller. The method of shipment will be within the discretion of the Buyer. However, the Seller will only be responsible for the lesser of truck freight or rail freight to the Buyer.

## Risk of Loss

6. The risk of loss from any casualty to the Goods, regardless of the cause, will be on the Seller until the Goods have been received by the Buyer.

## Warranties

7. The Seller warrants that (1) the Seller is the legal owner of the Goods; (2) the Goods are free from all liens and encumbrances; (3) the Seller has the right to sell the Goods; and (4) the Seller will warrant and defend the title of the Goods against any and all claims and demands of all persons.

8. The Seller warrants that the Goods will be fit for the purpose for which such goods are ordinarily intended.

9. The Seller warrants that the Goods are now free and at the time of delivery will be free from any security interest or other lien or encumbrance. except the security interest created in this Agreement until the Seller is paid in full.

10. The Seller warrants that the Goods will be delivered free of the rightful claim of any person arising from patent or trademark infringement.

11. EXCEPT FOR THE ABOVE WARRANTIES, NO OTHER WARRANTY (WHETHER EXPRESSED, IMPLIED OR STATUTORY) IS MADE BY THE SELLER REGARDING THE GOODS.

## Title

12. Title to the Goods will remain with the Seller until delivery and actual receipt of the Goods by the Buyer.

Ahmad Loul

Page 2 of 5

干午午

06 / 16 / 2020

06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

## Inspection

13. Inspection will be made by the Buyer within 10-14 days at the time and place of delivery.

## Claims

14. The Buyer's failure to give notice of any claim within 10-14 days from the date of delivery will constitute an unqualified acceptance of the Goods and a waiver by the Buyer of all claims with respect to the Goods.

## Excuse for Delay or Failure to Perform

15. The Seller will not be liable in any way for any delay, non-delivery or default in shipment due to labor disputes, transportation shortage, delays in receipt of material, priorities, fires, accidents and other causes beyond the control of the Seller or its suppliers. If the Seller, in its sole judgment, will be prevented directly or indirectly, on account of any cause beyond its control, from delivering the Goods at the time specified or within one month after the date of this Agreement, then the Seller will have the right to terminate this Agreement by notice in writing to the Buyer, which notice will be accompanied by full refund of all sums paid by the Buyer pursuant to this Agreement.

## Remedies

16. The Buyer's exclusive remedy and the Seller's limit of liability for any and all losses or damages resulting from defective goods or from any other cause will be for the Purchase Price of the particular delivery with respect to which losses or damages are claimed, plus any transportation charges actually paid by the Buyer.

## Cancellation

17. In an event the Buyer or Seller wish to cancel this agreement, both parties must mutually agree in writing within 30-days to request a cancellation of this agreement.

## Notices

18. Any notice to be given or document to be delivered to either the Seller or Buyer pursuant to this Agreement will be sufficient if delivered via email or sent by prepaid registered mail to the address specified below. Any written notice or delivery of documents will have been given, made

*Ahmad Loul*

刘扬

06 / 16 / 2020

Page 3 of 5

06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

and received on the day of delivery if delivered via-email, or on the third (3rd) consecutive business day next following the date of mailing if sent by prepaid registered mail:

SELLER: Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian, Shenzhen, PRC

BUYER: GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057

## Additional Provisions

29. GlobalGeeks reserves the right to reject the masks if they are found not eligible for public usage.

## General Provisions

20. Headings are inserted for the convenience only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

21. All representations and warranties of the Seller contained in this Agreement will survive the closing of this Agreement.

22. Either party to this Agreement may assign its rights under this Agreement, but the assignment will not change the duty of either party, increase the burden or risk involved, or impair the chances of obtaining the performance of the Agreement. However, no obligation for performance imposed on either party by this Agreement may be delegated to any other person without the prior written consent of the other party. Each party has a substantial interest in having the other party perform or control the acts required by this Agreement.

23. This Agreement cannot be modified in any way except in writing signed by all the parties to this Agreement.

24. This Agreement will be governed by and construed in accordance with the laws of the State of New Jersey, including the New Jersey Uniform Commercial Code and the Seller and the Buyer hereby attorn to either the jurisdiction of the Courts of the State of New Jersey or courts of the State of Florida.

25. Except where otherwise stated in this Agreement, all terms employed in this Agreement will have the same definition as set forth in the Uniform Commercial Code in effect in the State of New Jersey on the date of execution of this Agreement.

Ahmad Loul

Page 4 of 5

汤话

06 / 16 / 2020

06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

26. If any clause of this Agreement is held unconscionable by any court of competent jurisdiction, arbitration panel or other official finder of fact, the clause will be deleted from this Agreement and the balance of this Agreement will remain in full force and effect.

27. This Agreement will inure to the benefit of and be binding upon the Seller and the Buyer and their respective successors and assigns.

28. This Agreement may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

29. Time is of the essence in this Agreement.

30. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise. The Buyer acknowledges that it has not relied upon any representations of the Seller as to prospective performance of the Goods, but has relied upon its own inspection and investigation of the subject matter.

**IN WITNESS WHEREOF** the parties have executed this Purchase Agreement on this 9th day of June, 2020.

_____ (Witness) $\sqrt{1^{1}_{4}}$   06 / 17 / 2020

Stone Technology (HK) Co Ltd (Seller)

(the 'Seller')

Ahmad Loul _____ (Witness) _Ahmad Loul_   06 / 16 / 2020

GlobalGeeks Inc. (Buyer)

(the 'Buyer')

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

# ☑ HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | PO082813 between Stone and GlobalGeeks |
| **FILE NAME** | PO82813 agreement.pdf |
| **DOCUMENT ID** | 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | • Completed |

## Document History

| | | |
|---|---|---|
| ↗ **SENT** | 06 / 16 / 2020<br>14:05:35 UTC | Sent for signature to Ahmad Loul (ahmad@globalgeeks.com) and Guanghua Peng (philip.peng@stonepack.com) from jamesliulaw@gmail.com<br>IP: 73.245.46.129 |
| ◎ **VIEWED** | 06 / 16 / 2020<br>14:22:31 UTC | Viewed by Guanghua Peng (philip.peng@stonepack.com)<br>IP: 113.92.129.86 |
| ◎ **VIEWED** | 06 / 16 / 2020<br>14:22:36 UTC | Viewed by Ahmad Loul (ahmad@globalgeeks.com)<br>IP: 73.160.7.142 |
| ↙ **SIGNED** | 06 / 16 / 2020<br>14:23:49 UTC | Signed by Ahmad Loul (ahmad@globalgeeks.com)<br>IP: 73.160.7.142 |
| ↙ **SIGNED** | 06 / 16 / 2020<br>16:30:02 UTC | Signed by Guanghua Peng (philip.peng@stonepack.com)<br>IP: 113.92.129.86 |
| ⊘ **COMPLETED** | 06 / 16 / 2020<br>16:30:02 UTC | The document has been completed. |

Powered by ☑ HELLOSIGN

# EXHIBIT "B"



# Purchase Order

| Date | PO # |
|------|------|
| 6/8/2020 | PO82811 |

**GlobalGeeks Inc.**

Moorestown
1256 North Church St.
Suites 3&4
Moorestown NJ 08057
United States
+1 (800) 421-6603

| Vendor | Ship To |
|--------|---------|
| Stone Technology (HK) Co Ltd.<br>Room 1709, Futian Building West, Shennan Road,<br>Futian, Shenzhen, PRC | Moorestown<br>1256 North Church St.<br>Suites 3&4<br>Moorestown NJ 08057<br>United States |

| Location | Memo | Terms | Incoterm | | | | | Total QTY |
|----------|------|-------|----------|---|---|---|---|-----------|
| Moorestown | | | | | | | | 2,462,500 |

| Item | Description | Quantity | Rate | Amount | Received |
|------|-------------|----------|------|--------|----------|
| 3PLY Mask | | 2,462,500 | 0.20 | 492,500.00 | 0 |
| | | | **Total** | | $492,500.00 |

Ahmad Loul

06 / 10 / 2020


PO82811

## Purchase Agreement

**THIS PURCHASE AGREEMENT (the "Agreement") dated this 8th day of June, 2020**

### BETWEEN:

Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian,
Shenzhen, PRC
(the 'Seller')

OF THE FIRST PART

- AND -

GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057 (the 'Buyer')

OF THE SECOND PART

**IN CONSIDERATION OF THE COVENANTS** and agreements contained in this Purchase
Agreement the parties to this Agreement agree as follows:

### Sale of Goods

1. The Seller will sell, transfer and deliver to the Buyer the following goods on or before the day
of 06/10/2020 (the 'Goods'): 3PLY MASKS

### Purchase Quantity

2. The Buyer agrees to purchase 2,462,500 3ply masks in this purchase agreement.

### Purchase Price

3. The Buyer will accept the Goods and pay for the Goods with the sum of four hundred
ninety-two thousand five hundred ($492,500.00) USD (the "Purchase Price"), paid by
accounting payment settlement within 14-days.

4. The Seller and the Buyer both acknowledge the sufficiency of this consideration. In addition to
the Purchase Price specified in this Agreement, the amount of any present or future sales, use,
excise or similar tax applicable to the sale of the Goods will be paid by the Buyer, or

*Ahmad Loul*

06 / 10 / 2020

Page 1 of 5

06 / 11 / 2020

alternatively, the Buyer will provide the Seller with a tax exemption certificate acceptable to the applicable taxing authorities.

### Delivery of Goods

5. the goods will be deemed received by the Buyer when it is checked out from the 3rd party warehouse of Seller. The method of shipment will be within the discretion of the Buyer. However, the Seller will only be responsible for the lesser of truck freight or rail freight to the Buyer.

### Risk of Loss

6. The risk of loss from any casualty to the Goods, regardless of the cause, will be on the Seller until the Goods have been received by the Buyer.

### Warranties

7. The Seller warrants that (1) the Seller is the legal owner of the Goods; (2) the Goods are free from all liens and encumbrances; (3) the Seller has the right to sell the Goods; and (4) the Seller will warrant and defend the title of the Goods against any and all claims and demands of all persons.

8. The Seller warrants that the Goods will be fit for the purpose for which such goods are ordinarily intended.

9. The Seller warrants that the Goods are now free and at the time of delivery will be free from any security interest or other lien or encumbrance. except the security interest created in this Agreement until the Seller is paid in full.

10. The Seller warrants that the Goods will be delivered free of the rightful claim of any person arising from patent or trademark infringement.

11. EXCEPT FOR THE ABOVE WARRANTIES, NO OTHER WARRANTY (WHETHER EXPRESSED, IMPLIED OR STATUTORY) IS MADE BY THE SELLER REGARDING THE GOODS.

### Title

12. Title to the Goods will remain with the Seller until delivery and actual receipt of the Goods by the Buyer.

Ahmad Loul

Page 2 of 5

06 / 10 / 2020

06 / 11 / 2020

### Inspection

13. Inspection will be made by the Buyer within 10-14 days at the time and place of delivery.

### Claims

14. The Buyer's failure to give notice of any claim within 10-14 days from the date of delivery will constitute an unqualified acceptance of the Goods and a waiver by the Buyer of all claims with respect to the Goods.

### Excuse for Delay or Failure to Perform

15. The Seller will not be liable in any way for any delay, non-delivery or default in shipment due to labor disputes, transportation shortage, delays in receipt of material, priorities, fires, accidents and other causes beyond the control of the Seller or its suppliers. If the Seller, in its sole judgment, will be prevented directly or indirectly, on account of any cause beyond its control, from delivering the Goods at the time specified or within one month after the date of this Agreement, then the Seller will have the right to terminate this Agreement by notice in writing to the Buyer, which notice will be accompanied by full refund of all sums paid by the Buyer pursuant to this Agreement.

### Remedies

16. The Buyer's exclusive remedy and the Seller's limit of liability for any and all losses or damages resulting from defective goods or from any other cause will be for the Purchase Price of the particular delivery with respect to which losses or damages are claimed, plus any transportation charges actually paid by the Buyer.

### Cancellation

17. In an event the Buyer or Seller wish to cancel this agreement, both parties must mutually agree in writing within 30-days to request a cancellation of this agreement.

### Notices

18. Any notice to be given or document to be delivered to either the Seller or Buyer pursuant to this Agreement will be sufficient if delivered via email or sent by prepaid registered mail to the address specified below. Any written notice or delivery of documents will have been given, made

*Ahmad Loul*

*زيد*

06 / 10 / 2020

Page 3 of 5

06 / 11 / 2020

and received on the day of delivery if delivered via-email, or on the third (3rd) consecutive business day next following the date of mailing if sent by prepaid registered mail:

SELLER: Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian, Shenzhen, PRC

BUYER: GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057

### Additional Provisions

29. GlobalGeeks reserves the right to reject the masks if they are found not eligible for public usage.

### General Provisions

20. Headings are inserted for the convenience only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

21. All representations and warranties of the Seller contained in this Agreement will survive the closing of this Agreement.

22. Either party to this Agreement may assign its rights under this Agreement, but the assignment will not change the duty of either party, increase the burden or risk involved, or impair the chances of obtaining the performance of the Agreement. However, no obligation for performance imposed on either party by this Agreement may be delegated to any other person without the prior written consent of the other party. Each party has a substantial interest in having the other party perform or control the acts required by this Agreement.

23. This Agreement cannot be modified in any way except in writing signed by all the parties to this Agreement.

24. This Agreement will be governed by and construed in accordance with the laws of the State of New Jersey, including the New Jersey Uniform Commercial Code and the Seller and the Buyer hereby attorn to either the jurisdiction of the Courts of the State of New Jersey or courts of the State of Florida.

25. Except where otherwise stated in this Agreement, all terms employed in this Agreement will have the same definition as set forth in the Uniform Commercial Code in effect in the State of New Jersey on the date of execution of this Agreement.

Ahmad Loul

孙悦

Page 4 of 5

06 / 10 / 2020                                                                          06 / 11 / 2020

26. If any clause of this Agreement is held unconscionable by any court of competent jurisdiction, arbitration panel or other official finder of fact, the clause will be deleted from this Agreement and the balance of this Agreement will remain in full force and effect.

27. This Agreement will inure to the benefit of and be binding upon the Seller and the Buyer and their respective successors and assigns.

28. This Agreement may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

29. Time is of the essence in this Agreement.

30. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise. The Buyer acknowledges that it has not relied upon any representations of the Seller as to prospective performance of the Goods, but has relied upon its own inspection and investigation of the subject matter.

**IN WITNESS WHEREOF** the parties have executed this Purchase Agreement on this 9th day of June, 2020.

_____ (Witness)  ⟨signature⟩  06 / 11 / 2020

Stone Technology (HK) Co Ltd (Seller)

(the 'Seller')

Ahmad Loul _____ (Witness) ⟨signature⟩  *Ahmad Loul*

GlobalGeeks Inc. (Buyer)  06 / 10 / 2020

(the 'Buyer')

Page 5 of 5

Doc ID: 1885a06b5e2c8484721aaeaf38e6520b961c5db5

# ⊽ HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | 3 Ply Masks PO between GlobalGeeks and Stone HK |
| **FILE NAME** | Final_PO82811 - Purchase Agreement.pdf |
| **DOCUMENT ID** | 1885a06b5e2c8484721aaeaf38e6520b961c5db5 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| ↗ SENT | 06 / 10 / 2020<br>01:43:44 UTC | Sent for signature to Ahmad Loul (ahmad@globalgeeks.com) and Guanghua Peng (philip.peng@stonepack.com) from jamesliulaw@gmail.com<br>IP: 73.245.46.129 |
| ◎ VIEWED | 06 / 10 / 2020<br>01:55:45 UTC | Viewed by Guanghua Peng (philip.peng@stonepack.com)<br>IP: 121.35.129.222 |
| ◎ VIEWED | 06 / 10 / 2020<br>13:35:42 UTC | Viewed by Ahmad Loul (ahmad@globalgeeks.com)<br>IP: 172.58.203.186 |
| ⟋ SIGNED | 06 / 10 / 2020<br>13:41:26 UTC | Signed by Ahmad Loul (ahmad@globalgeeks.com)<br>IP: 172.58.203.186 |
| ⟋ SIGNED | 06 / 10 / 2020<br>17:54:45 UTC | Signed by Guanghua Peng (philip.peng@stonepack.com)<br>IP: 45.135.186.11 |
| ✓ COMPLETED | 06 / 10 / 2020<br>17:54:45 UTC | The document has been completed. |

Powered by ⊽ HELLOSIGN

# IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

## CASE NUMBER: 2020-014350-CA-01

Stone Technology (HK) Co., Ltd.,
an HK Company,

**Plaintiff,**

Global Geeks, Inc.,
a company registered in NJ,

**Defendant.**

_____/

## PLAINTIFF'S FIRST REQUEST OF PRODUCTION

Plaintiff, STONE TECHNOLOGY (HK) CO., LTD. (hereafter the "Plaintiff") by and through its attorney, hereby requests the production of the following documents from Defendant Global Geeks, Inc., pursuant to F.R. Civ. P. 1.280.

The following documents shall be produced at Law Offices of James Liu PLLC, 15750 SW 92nd Ave Unit 20C, Palmetto Bay, FL 33157, or emailed to jianyin.cdc@gmail.com; jamesliulaw@gmail.com before Aug. 29, 2020, by Global Geeks, Inc.

## DEFINITIONS AND INSTRUCTIONS

1. "Document" means:
(A) any designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things.

Pursuant to Florida Rules of Civil Procedure 1.280(5), regarding claims of privilege, for each document responsive to these requests which is withheld under any claim of attorney-client privilege or work product privilege, provide a statement by a person having knowledge setting forth as to each document:

(a) Name and Title of the author(s);
(b) The name and title of each person to whom the document was addressed;
(c) The name and title of each person to whom a copy of the document was sent;
(d) The date of the document;
(e) The number of pages;
(f) A brief description of the nature and subject matter of the document;
(g) the nature of the claimed privilege;
(h) the category or categories of this request to which the document is responsive; and (i) the exact location of the original and each copy as of the date of the receipt of this request.

Pursuant to rule "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." F.R. Civ. P. 1.280(5).

2.  The two parties:

(A) Global Geeks, Inc., means the company transacted with Stone Technology (HK) Co., Ltd., including its subsidiary, sub-companies, affiliates, its principals or agents on behalf of Global Geeks, Inc., and/or any third party acting with authorization of the company. It may be thereafter referred to as Global Geeks.

(B) Stone Technology (HK) Co., Ltd., means the company transacted with Global Geeks, Inc., including its subsidiary, sub-companies, affiliates, its principals or agents on behalf of Stone Technology (HK) Co., Ltd., and/or any third party acting with authorization of the company. It may be thereafter referred to as Stone Technology.

3. Current dispute is limited to the the project of business collaboration of personal protection of equipments between the two parties. Therefore, all the transactions or orders mentioned below will be limited to such project.


**DOCUMENTS REQUESTED**

1.  Please produce all the documents related to the business transactions between Global Geeks, Inc. (or its subsidiary, affiliates, etc.) and Stone Technology (HK) Co., Ltd., (or its subsidiary, affiliates, etc.) in the last two years (Year 2019 and 2020), including:

    A.  Final record or result of mutual reconciliation of accounting record that was not in dispute after both parties' negotiations in June and/or July, 2020, for the business collaboration project of face masks or personal protection equipment (PPE).

    B.  Any documents reflecting the calculation of profit/loss of each order/transaction between the two parties;

        (1) Profit/loss calculation of PO82800 and PO82806 between the two parties;

        (2) All the rest order/transactions of PPE.

    C.  Contracts, accounting record and breakdown of calculation of sales revenue, costs and expenses, reflecting profit made from PO82800 by Global Geeks;

    D.  All documents reflecting why Global Geeks was entitled to any profit sharing of PO82800;

    E.  Contracts, accounting record and breakdown of calculation of sales revenue, costs and expenses, reflecting loss caused by PO82806 as the transaction between the two parties;

    F.  All documents reflecting why Global Geeks was exempted from sharing any loss of PO82800;

    G.  All the documents reflecting before the date of signing Purchase Agreement of PO82811 and PO82813, Global Geeks' notice to Stone Technology that the two payments made on Apr. 24, 2020 via PNC Bank, N.A. by Global Geeks to Stone Technology, in a total amount of six hundred thousand US dollar ($600,000) was for the purpose of advance payment towards future deals.

    H.  Any records of wire/transfer/remittance from Global Geeks to Stone Technology, or vice versa if any;

    I.  All documents or records reflecting goods/services received by Global Geeks from Stone Technology, or vice versa if any;

J.  All documents or records reflecting wire/transfer/remittance, or goods/services, sent   by and/or received from any third parties at the instruction or on behalf of either Global Geeks or Stone Technology, if any;

K.  Any assignments or delegations authorized by either Global Geeks, Inc. or Stone Technology (HK) Co., Ltd. related to this cause of action, if any;

L.  Contracts for each order, either formal or informal, reflecting the transactions between the two parties in the last two years for face mask business collaboration project;

M.  Any emails, messages, or other written memos that reflect the agreements, memorandum or the similar between the two parties.

N.  Any other documents reflecting any other obligations of payments not mentioned above from A-K, from Stone Technology to Global Geeks;

O.  Any other documents reflecting the obligations of payment, not mentioned above from A-K from Global Geeks to Stone Technology;

2.  All records related with PO082811 and PO082813 that are at-issue in the above-styled cause

of action, including:

A. All records reflecting monies paid to Stone Technology and proof of goods received by Global Geeks;

B. All records reflecting monies received by Global Geeks from the buyers of the goods described and/or purchased under PO082811 and PO082813;

C. All records reflecting the proceeds of the goods under PO082811 and PO082813;

D. All records reflecting how the proceeds of the goods under PO082811 and PO082813 are used/applied/transferred/wired.

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was emailed to the counsel of opposing party via e-Portal on Jul. 29, 2020.

Respectfully submitted,
The Law Offices of James Liu, PLLC
15750 SW 92nd Ave Unit 20C

Palmetto Bay, FL 33157
Cell: (305) 776 5064
Designated Email: jianyin.cdc@gmail.com;
jamesliulaw@gmail.com
By: /s/ *Jianyin Liu*
JIANYIN LIU, ESQ.
FBN: 1007675

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STONE TECHNOLOGY (HK) CO., LTD.,
an HK COMPANY,                                    CASE NO.: 2020-014350-CA-01

       Plaintiff,

v

GLOBAL GEEKS, INC.,
a New Jersey Corporation.

       Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL
### PURSUANT TO FLA. R. JUD. ADMIN 2.516

    PLEASE TAKE NOTICE that the undersigned files this Notice of Appearance in the above stated matter as counsel of record for the Defendant, GLOBAL GEEKS, INC., and pursuant to Fla. R. Jud. Admin. 2.516 hereby requests that all future documents, papers, pleadings and correspondence be served upon counsel of record, GLEN M. LINDASY, ESQ. c/o SAAVEDRA | GOODWIN, 312 S.E. 17th Street, 2nd Floor, Ft. Lauderdale, Florida 33316 and at the email addresses designated below:

Primary Email – GLindsay@saavlaw.com
Secondary Email – eservice@saavlaw.com

*{This space intentionally left blank}*

---

**Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.**
**Case No.: 2020-014350-CA-01**
**Notice of Appearance as Counsel for Global Geeks, Inc.**
**Page 2 of 2**

<u>**CERTIFICATE OF SERVICE**</u>

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via E-Service to: Jianyin Liu, Esq.,The Law Offices of James Liu, PLLC, 15750 SW 92nd Ave, Unit 20C, Palmetto Bay, FL 33157 (jamesliulaw@gmail.com) on this **<u>23rd</u>** day of July, 2020.

                By: */s/ Glen M. Lindsay*_____
                Glen M. Lindsay, Esq.
                Florida Bar Number: 59200
                Email: GLindsay@saavlaw.com
                *Attorneys for Plaintiffs*
                **SAAVEDRA | GOODWIN**
                312 SE 17th Street, Second Floor
                Fort Lauderdale, Florida 33316
                Tel: (954) 767-6333 | Fax: (954) 767-8111

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STONE TECHNOLOGY (HK) CO., LTD.,
An HK COMPANY,      CASE NO.: 2020-014350-CA-01

    Plaintiff,

v

GLOBAL GEEKS, INC.,
a New Jersey Corporation.

    Defendant.

_____/

## MOTION TO DISMISS, OR IN THE ALTERNATIVE,
## MOTION FOR MORE DEFINITE STATEMENT

   Defendant, GLOBAL GEEKS, INC. ("Defendant"), by and through undersigned counsel, files this Motion to Dismiss, or in the alternative, Motion for More Definite Statement in response to the two-count Complaint filed by the Plaintiff, STONE TECHNOLOGY (HK) CO., LTD. ("Plaintiff"), and in support thereof states as follows:

### BACKGROUND

   1.  On July 8, 2020, Plaintiff filed the instant two-count Complaint for: (i) breach of contract; and (ii) enforcement of security instrument pursuant to Fla. Stat. § 679.601.

   2.  The basis of Plaintiff's breach of contract claim involves two purchase order agreements executed between Plaintiff and Defendant for the purchase of 3-ply masks. The first purchase order agreement, PO82811, called for the purchase of 2,462,500 3-ply masks for a total purchase price of $492,500.00 USD. The second purchase order agreement, PO82813, called for the purchase of 817,000 3-ply masks for a total purchase price of $163,400.00 USD.

   3.  The breach of contract count treats the two separate purchase order agreements as a monolith and seeks singular compensation for alleged breaches of both agreements.

_____
**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Motion to Dismiss
Page 2 of 2

4.     The Purchase Agreements for both PO82811 and PO82813 were attached to the Complaint and Paragraph 24 of both Purchase Agreements contain a New Jersey choice of law provision.[1]

## ARGUMENT

### A.  Motion To Dismiss Standard

5.     "A motion to dismiss tests whether the plaintiff has stated a cause of action." *Bell v. Indian River Memorial Hosp.*, 778 So.2d 1030, 1032 (Fla. 4th DCA 2001), and thus on a motion to dismiss, the material facts set forth in the complaint are taken to be true. *Rohatynsky v. Kalogiannis*, 763 So.2d 1270, 1272 (Fla. 4th DCA 2000). But "to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." *Edwards v. Landsman*, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011). If the complaint fails to make an adequate pleading of those material facts, it will be dismissed. *See id.* "Florida's pleading rule forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort." *Horowitz v. Laske*, 855 So.2d 169, 172-3 (Fla. 5th DCA 2003) (internal citations omitted). Furthermore, at the outset of a suit, litigants must state their pleadings with sufficient particularity for a defense to be prepared. *Id.* (citing *Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So.2d 561 (Fla. 1988)).

### B.  Plaintiff Fails To State A Cause Of Action For Breach Of Contract

6.     "The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So.3d 1081, 1094-95 (Fla. 3d DCA 2014) (internal citations omitted).

7.     Fla. R. Civ. P. 1.110(f) provides, in pertinent part, that "[e]ach claim founded upon a separate transaction or occurrence… shall be stated in a separate count…."

---

[1] Paragraph 24 also contains a jurisdiction provision providing that disputes may be brought in either the New Jersey or Florida court systems. Defendant's motion is not directed at Plaintiff's choice of jurisdiction.

---

**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Motion to Dismiss
Page 2 of 2

8.    Fla. R. Civ. P. 1.420(b) provides, in pertinent part, that "[a]ny party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court."

9.    Where a complaint commingles separate and distinct claims, the complaint runs afoul of the mandates Fla. R. Civ. P. 1.110(f) and dismissal pursuant to Fla. R. Civ. P. 1.420(b) is proper. *See Collado v. Baroukh*, 226 So.3d 924, 928 (Fla. 4th DCA 2017).

10.    Here, Count I of Plaintiff's Complaint commingles two separate purchase orders with distinct delivery dates, distinct quantities and distinct payment date obligations – in sum, distinct obligations for both the Plaintiff and Defendant in connection with each separate Purchase Agreement. Count I of Plaintiff's complaint therefore improperly commingles distinct causes of action in violation of Fla. R. Civ. P. 1.110(f) and is therefore subject to dismissal pursuant to Fla. R. Civ. P. 1.420(b).

11.    This is more than a mere technical defense to the pleadings.  Specifically, e, Defendant has proof (in the form of funds transfer receipts) of payment of at least $600,000.00 USD of the funds claimed as owed. This amount is more than sufficient to satisfy the payment requirements of either obligation. By commingling multiple contracts, Defendant is precluded from raising payment in full as a defense to either one of the individual claims which unnecessarily muddies the waters and results in judicial inefficiencies as the parties will need to continue to litigate over both contracts. At a minimum, therefore, Plaintiff should be required to replead Count I as separate causes of action for breaches of each distinct contract.

**C.  Plaintiff's Claim For Enforcement Of A Security Instrument Pursuant To Fla. Stat. § 679.601 Is Prohibited By The Express Terms Of The Agreements Attached To The Complaint**

12.    Here Paragraph 24 of the Purchase Agreements for both PO82811 and PO82813 provide that "[t]his Agreement will be governed by and construed in accordance with the laws of the State of New Jersey…"

13.    Fla. R. Civ. P. 1.130(b) provides that "any exhibit attached to a pleading shall be considered a part thereof for all purposes."

_____

**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Motion to Dismiss
Page 2 of 2

14.    "Any exhibits attached to a complaint are controlling when there is a conflict between the complaint and the exhibits." *Fla. Recovery Adjusters, LLC v. Pretium Homes, LLC*, 261 So.3d 664, 668 (Fla. 3d DCA 2018) (internal citations omitted).

15.    Choice-of-law provisions are expressly authorized by statute. Fla. Stat. § 671.105(1) provides: "[W]hen a transaction bears a reasonable relation to this state and also to another state or nation, the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties."

16.    "Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So.2d 306, 311 (Fla. 2000). "Although courts have adopted various formulations, the underlying principle remains the same: the countervailing public policy must be sufficiently important that it outweighs the policy protecting freedom of contract." *Id*. at 312.

17.    When determining whether a contractual provision violates public policy:

> Courts… should [proceed with] extreme caution when called upon to declare transactions as contrary to public policy and should refuse to strike down contracts involving private relationships on this ground, unless it is made clearly to appear that there has been some great prejudice to the dominant public interest sufficient to overthrow the fundamental policy of the right to freedom of contract between parties *sui juris*.
> *Pizza U.S.A. of Pompano Inc. v. R/S Assocs. of Fla.*, 665 So. 2d 237, 239 (Fla. 4th DCA 1995) (quoting *Bituminous Casualty Corp. v. Williams*, 17 So.2d 98, 101-02 (Fla. 1944)).

18.    Despite this clear and unambiguous language, Count II of Plaintiff's Complaint seeks to enforce an alleged security interest pursuant to Florida law. Such a request belies the explicit mandates of the Purchase Agreements and is therefore inappropriate and impermissible as a matter of law.

19.    Plaintiff alleges no basis for invalidating the choice-of-law provision of the Purchase Agreements, nor does Plaintiff otherwise set forth a basis for enforcement of a security interest predicated upon New Jersey law as required by the exhibits attached to the Complaint. As such, Count II of Plaintiff's Complaint is belied by the exhibits attached thereto and fails by operation of law.

---------------------------------------

**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Motion to Dismiss
Page 2 of 2

WHEREFORE the Defendant, GLOBAL GEEKS, INC., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, or in the alternative, dismiss Count II of Plaintiff's Complaint and require Plaintiff to replead Count I as separate counts for each separate and distinct contract which Plaintiff alleges the Defendant breached together with such other and further relief as this Honorable Court deems just and appropriate.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via E-Service to: Jianyin Liu, Esq.,The Law Offices of James Liu, PLLC, 15750 SW 92nd Ave, Unit 20C, Palmetto Bay, FL 33157 (jamesliulaw@gmail.com) on this **23rd** day of July, 2020.

By: */s/ Glen M. Lindsay*_____
Glen M. Lindsay, Esq.
Florida Bar Number: 59200
Email: GLindsay@saavlaw.com
*Attorneys for Plaintiffs*
**SAAVEDRA | GOODWIN**
312 SE 17th Street, Second Floor
Fort Lauderdale, Florida 33316
Tel: (954) 767-6333 | Fax: (954) 767-8111

_____
**SAAVEDRA | GOODWIN**

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CASE NUMBER: 2020-014350-CA-01

Stone Technology (HK) Co., Ltd.,
an HK Company,

**Plaintiff,**

Global Geeks, Inc.,
a company registered in NJ,

**Defendant.**

_____/

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, STONE TECHNOLOGY (HK) CO., LTD. (hereafter the "Plaintiff") by and through its attorney, hereby brings this action against Defendant, GLOBAL GEEKS, INC. (hereafter the "Defendant"), and alleges:

### NATURE OF THIS ACTION

1. This is an action for breach of contract to enforce Defendant's obligation to return Plaintiff in the amount of $655,900 for two purchase agreements with PO#82811 and PO#82813; and Plaintiff's right as secured party after Defendant's default on the two agreements.

### PARTIES, VENUE, AND JURISDICTION

2. Defendant GLOBAL GEEKS, INC. is currently an active company that was incorporated in New Jersey, with its principal place of business at 1256 North Church St., Suite 3&4, Moorestown, NJ 08057.

3. Plaintiff is currently an active company that was incorporated in Hong Kong, maintaining an office in Palmetto Bay, Miami-Dade County Florida and an office in Orange County, Florida.

4. In both contracts, Defendant entered the agreement with Plaintiff with a forum selection clause, which states "the Seller and Buyer hereby attorn to either the jurisdiction of the

Courts of the State of New Jersey or courts of the State of Florida." See Clause 24 of the Purchase Orders in Exhibit "A" and "B."

5. The amount at issue exceeds thirty thousand dollars ($30,000), exclusive of costs and interest, and is within the jurisdiction of this Court.

## FACTUAL BACKGROUND

6. Defendant signed a purchase agreement with Plaintiff on Jun. 10, 2020, agreed to purchase 2,462,500 pieces of 3-ply masks from Plaintiff at a price of $0.20/pc (twenty cent US dollar per piece). *See Exhibit "A" for Purchase Agreement of PO82811.*

7. Defendant agreed to pay for the goods ordered with a sum of four hundred ninety-two thousand five hundred ($492,500) USD, paid by accounting payment settlement within 14 days. *See Clause 3* of *Purchase Agreement of PO82811.*

8. Plaintiff released all the 2,462,500 pieces of 3-ply masks to Defendant at the warehouse maintained by Speedy Logistics Inc., at 125 Jackson Ave Edison, NJ 08837, on or around Jun. 11, 2020.

9. Until the date of filing this complaint, more than 14 days have passed, Defendant has not paid Plaintiff.

10. Defendant breached its obligation of paying Plaintiff in 14 days.

11. It causes a damage of four hundred ninety-two thousand five hundred ($492,500) USD to Plaintiff.

12. In Clause 9 of Purchase Agreement of PO82811, Plaintiff, as the Seller in the Purchase Agreement of PO82811, established a security interest on the proceeds of all the goods sold under PO82811. *See Clause 9* of *Purchase Agreement of PO82811.*

13. Plaintiff is entitled to the proceeds of the Purchase Agreement of PO82811 as a secured interest.

14. Defendant signed another purchase agreement with Plaintiff on Jun. 16, 2020, agreed to purchase 817,000 pieces of 3-ply masks from Plaintiff at a price of $0.20/pc (twenty cent US dollar per piece). *See Exhibit "B" for PO82813.*

15. Defendant agreed to pay for the goods ordered with a sum of one hundred sixty-three thousand four hundred ($163,400) USD, paid by accounting payment settlement within 14 days. *See Clause 3 of Purchase Agreement of PO82813.*

16. Plaintiff released all the 817,000 pieces of 3-ply masks to Defendant at the warehouse maintained by Speedy Logistics Inc., at 125 Jackson Ave Edison, NJ 08837, on or around Jun. 17, 2020.

17. Until the date of filing this complaint, more than 14 days have passed, Defendant has not paid Plaintiff.

18. Defendant breached its obligation of paying Plaintiff in 14 days.

19. It causes a damage of one hundred sixty-three thousand four hundred ($163,400) USD to Plaintiff.

20. In Clause 9 of the Purchase Agreement of PO82813, Plaintiff, as the Seller in the Purchase Agreement of PO82813, established a security interest on the whole purchase order. *See Clause 9 of Purchase Agreement of PO82811.*

21. Plaintiff is entitled to the proceeds of the PO82813 as a secured interest.

## <u>COUNT I – BREACH OF CONTRACT OF PO82811 PURCHASE AGREEMENT</u>

22. Plaintiff alleges and incorporates by reference Paragraphs 6-21 above as if they are fully set forth at length herein.

23. Defendant and Plaintiff entered into a valid and enforceable contract of purchase as evidenced by the Purchase Agreement of PO82811, on Jun. 10, 2020. *See Exhibit "A."*

24. Plaintiff had fulfilled its obligations to deliver all the ordered goods described in the Purchase Agreement of PO82811 and Defendant received all the goods as described on or around Jun. 11, 2020.

25. However, Defendant failed to fulfill its obligation to pay Plaintiff in 14 days as agreed pursuant to Clause 3 of the Purchase Agreement of PO82811. *See Exhibit "A."*

26. All the conditions precedent either have been satisfied, or have occurred or been waived.

27. Plaintiff suffer a total direct damage of four hundred ninety-two thousand and five hundred USD ($492,500) as a result of Defendant's breach of the contract.

28. Plaintiff requests this Court to grant incidental and compensatory damage, and other relief as the Court deems proper.

## COUNT II – BREACH OF CONTRACT OF PO82813 PURCHASE AGREEMENT

29. Plaintiff alleges and incorporates by reference Paragraphs 6-21 above as if they are fully set forth at length herein.

30. Defendant and Plaintiff entered into a valid and enforceable contract of purchase as evidenced by the Purchase Agreement of PO82813, on Jun. 16, 2020. *See Exhibit "B."*

31. Plaintiff had fulfilled its obligations to deliver all the ordered goods described in the Purchase Agreement of PO82813 and Defendant received all the goods as described on or around Jun. 17, 2020.

32. However, Defendant failed to fulfill its obligation to pay Plaintiff in 14 days as agreed pursuant to Clause 3 of the Purchase Agreement of PO82813. *See Exhibit "B."*

33. All the conditions precedent either have been satisfied, or have occurred or been waived.

34. Plaintiff suffer a total direct damage of one hundred sixty-three thousand and four hundred ($163,400) USD as a result of Defendant's breach of the contracts, as well as other compensatory damages.

## COUNT III: ENFORCEMENT OF SECURITY INTEREST OF PURCHASE AGREEMENT OF PO82811 PURSUANT TO N.J. STAT. § 12A:9-601

35. Plaintiff alleges and incorporates by reference Paragraphs 6-21 above as if they are fully set forth at length herein.

36. Pursuant to N.J. Stat. § 12A:9-601:

Rights After Default; Judicial Enforcement; Consignor or Buyer of Accounts, Chattel Paper, Payment Intangibles, or Promissory Notes.
**(a)** Rights of secured party after default. After default, a secured party has the rights provided in this part and, except as otherwise provided in 12A:9-602, those provided by agreement of the parties. A secured party:

(1) may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure.

N.J. Stat. § 12A:9-601.

37.  In Clause 9 of Purchase Agreement of PO82811, Plaintiff, as the Seller in the purchase agreement, established a security interest on the proceeds of all the goods sold under the purchase agreement. *See Clause 9 of Purchase Agreement of PO82811, Exhibit "A."*

38.  Plaintiff is entitled to the proceeds of the Purchase Agreement of PO82811 as a secured interest, as Defendant has defaulted in the payment.

39.  Plaintiff requests that this Court grant an order to garnish the proceeds Purchase Agreement of PO82811 from Defendant.

### COUNT IV: ENFORCEMENT OF SECURITY INTEREST OF PURCHASE AGREEMENT OF PO82813 PURSUANT TO N.J. STAT. § 12A:9-601

40.  Plaintiff alleges and incorporates by reference Paragraphs 6-21 above as if they are fully set forth at length herein.

41.  Pursuant to N.J. Stat. § 12A:9-601:

Rights After Default; Judicial Enforcement; Consignor or Buyer of Accounts, Chattel Paper, Payment Intangibles, or Promissory Notes.
**(a)** Rights of secured party after default. After default, a secured party has the rights provided in this part and, except as otherwise provided in 12A:9-602, those provided by agreement of the parties. A secured party:
(1) may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure.

N.J. Stat. § 12A:9-601.

42.  In Clause 9 of Purchase Agreement of PO82813, Plaintiff, as the Seller in the purchase agreement, established a security interest on the proceeds of all the goods sold under the purchase agreement. *See Clause 9 of Purchase Agreement of PO82813, Exhibit "B."*

43.  Plaintiff is entitled to the proceeds of the Purchase Agreement of PO82811 as a secured interest, as Defendant has defaulted in the payment.

44.  Plaintiff requests that this Court grant an order to garnish the proceeds of PO82811 from Defendant.

**WHEREFORE**, Plaintiff, Stone Technology (HK) Co., Ltd., respectfully requests that this Honorable Court enter judgment as follows:

A.  Against Defendant, Global Geeks, Inc. for damages Plaintiff has suffered, in a total amount of six hundred fifty-five thousand and nine hundred US dollars ($655,900);

B.  plus its interest as this Court deems proper to Plaintiff;

C.  enter an order to garnish the proceeds of PO82811 and PO82813 from Defendant.

D.  and for such other and further legal or equitable relief as this Court may deem proper.

## JURY TRIAL REQUEST

34. Plaintiff demands a jury trial for this case.

## CERTIFICATE OF SERVICE

I certify that a copy of this document was emailed to the counsel of opposing party via e-Portal on Jul. 24, 2020.

Respectfully submitted,
The Law Offices of James Liu, PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Cell: (305) 776 5064
Designated Email: jianyin.cdc@gmail.com;
jamesliulaw@gmail.com
By: /s/ *Jianyin Liu*
JIANYIN LIU, ESQ.
FBN: 1007675

# EXHIBIT "A"



# Purchase Order

**GlobalGeeks Inc.**

**Moorestown**
**1256 North Church St.**
**Suites 3&4**
**Moorestown NJ 08057**
**United States**
**+1 (800) 421-6603**

| Date | PO # |
|------|------|
| 6/8/2020 | PO82811 |

| Vendor | Ship To |
|--------|---------|
| Stone Technology (HK) Co Ltd.<br>Room 1709, Futian Buiding West, Shennan Road,<br>Futian, Shenzhen, PRC | Moorestown<br>1256 North Church St.<br>Suites 3&4<br>Moorestown NJ 08057<br>United States |

| Location | Memo | Terms | Incoterm | | Total QTY |
|----------|------|-------|----------|--|-----------|
| Moorestown | | | | | 2,462,500 |

| Item | Description | Quantity | Rate | Amount | Received |
|------|-------------|----------|------|--------|----------|
| 3PLY Mask | | 2,462,500 | 0.20 | 492,500.00 | 0 |

| | | | Total | $492,500.00 |
|--|--|--|-------|-------------|

*Ahmad Loul*

06 / 10 / 2020



PO82811

Doc ID: 1885a06b5e2c8484721aaeaf38e6520b961c5db5

Purchase Agreement

**THIS PURCHASE AGREEMENT (the "Agreement") dated this 8th day of June, 2020**

**BETWEEN:**

Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian, Shenzhen, PRC
(the 'Seller')

OF THE FIRST PART

- AND -

GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057 (the 'Buyer')

OF THE SECOND PART

**IN CONSIDERATION OF THE COVENANTS** and agreements contained in this Purchase Agreement the parties to this Agreement agree as follows:

### Sale of Goods

1. The Seller will sell, transfer and deliver to the Buyer the following goods on or before the day of 06/10/2020 (the 'Goods'): 3PLY MASKS

### Purchase Quantity

2. The Buyer agrees to purchase 2,462,500 3ply masks in this purchase agreement.

**Purchase Price**

3. The Buyer will accept the Goods and pay for the Goods with the sum of four hundred ninety-two thousand five hundred ($492,500.00) USD (the "Purchase Price"), paid by accounting payment settlement within 14-days.

4. The Seller and the Buyer both acknowledge the sufficiency of this consideration. In addition to the Purchase Price specified in this Agreement, the amount of any present or future sales, use, excise or similar tax applicable to the sale of the Goods will be paid by the Buyer, or

*Ahmad Loul*

心情好

Page 1 of 5

06 / 10 / 2020                    06 / 11 / 2020

alternatively, the Buyer will provide the Seller with a tax exemption certificate acceptable to the applicable taxing authorities.

**Delivery of Goods**

5. the goods will be deemed received by the Buyer when it is checked out from the 3rd party warehouse of Seller. The method of shipment will be within the discretion of the Buyer. However, the Seller will only be responsible for the lesser of truck freight or rail freight to the Buyer.

**Risk of Loss**

6. The risk of loss from any casualty to the Goods, regardless of the cause, will be on the Seller until the Goods have been received by the Buyer.

**Warranties**

7. The Seller warrants that (1) the Seller is the legal owner of the Goods; (2) the Goods are free from all liens and encumbrances; (3) the Seller has the right to sell the Goods; and (4) the Seller will warrant and defend the title of the Goods against any and all claims and demands of all persons.

8. The Seller warrants that the Goods will be fit for the purpose for which such goods are ordinarily intended.

9. The Seller warrants that the Goods are now free and at the time of delivery will be free from any security interest or other lien or encumbrance. except the security interest created in this Agreement until the Seller is paid in full.

10.   The Seller warrants that the Goods will be delivered free of the rightful claim of any person arising from patent or trademark infringement.

11.   EXCEPT FOR THE ABOVE WARRANTIES, NO OTHER WARRANTY (WHETHER EXPRESSED, IMPLIED OR STATUTORY) IS MADE BY THE SELLER REGARDING THE GOODS.

**Title**

12. Title to the Goods will remain with the Seller until delivery and actual receipt of the Goods by the Buyer.

*Ahmad Loul*

06 / 10 / 2020

Page 2 of 5

06 / 11 / 2020

Doc ID: 1885a06b5e2c8484721aaeaf38e6520b961c5db5

**Inspection**

13. Inspection will be made by the Buyer within 10-14 days at the time and place of delivery.

**Claims**

14. The Buyer's failure to give notice of any claim within 10-14 days from the date of delivery will constitute an unqualified acceptance of the Goods and a waiver by the Buyer of all claims with respect to the Goods.

**Excuse for Delay or Failure to Perform**

15. The Seller will not be liable in any way for any delay, non-delivery or default in shipment due to labor disputes, transportation shortage, delays in receipt of material, priorities, fires, accidents and other causes beyond the control of the Seller or its suppliers. If the Seller, in its sole judgment, will be prevented directly or indirectly, on account of any cause beyond its control, from delivering the Goods at the time specified or within one month after the date of this Agreement, then the Seller will have the right to terminate this Agreement by notice in writing to the Buyer, which notice will be accompanied by full refund of all sums paid by the Buyer pursuant to this Agreement.

**Remedies**

16. The Buyer's exclusive remedy and the Seller's limit of liability for any and all losses or damages resulting from defective goods or from any other cause will be for the Purchase Price of the particular delivery with respect to which losses or damages are claimed, plus any transportation charges actually paid by the Buyer.

**Cancellation**

17. In an event the Buyer or Seller wish to cancel this agreement, both parties must mutually agree in writing within 30-days to request a cancellation of this agreement.

**Notices**

18. Any notice to be given or document to be delivered to either the Seller or Buyer pursuant to this Agreement will be sufficient if delivered via email or sent by prepaid registered mail to the address specified below. Any written notice or delivery of documents will have been given, made

*Ahmad Loul*

06 / 10 / 2020

Page 3 of 5

06 / 11 / 2020

Doc ID: 1885a06b5e2c8484721aaeaf38e6520b961c5db5

and received on the day of delivery if delivered via-email, or on the third (3rd) consecutive business day next following the date of mailing if sent by prepaid registered mail:

SELLER: Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian, Shenzhen, PRC
BUYER: GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057

**Additional Provisions**

29. GlobalGeeks reserves the right to reject the masks if they are found not eligible for public usage.

**General Provisions**

20. Headings are inserted for the convenience only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

21. All representations and warranties of the Seller contained in this Agreement will survive the closing of this Agreement.

22. Either party to this Agreement may assign its rights under this Agreement, but the assignment will not change the duty of either party, increase the burden or risk involved, or impair the chances of obtaining the performance of the Agreement. However, no obligation for performance imposed on either party by this Agreement may be delegated to any other person without the prior written consent of the other party. Each party has a substantial interest in having the other party perform or control the acts required by this Agreement.

23. This Agreement cannot be modified in any way except in writing signed by all the parties to this Agreement.

24. This Agreement will be governed by and construed in accordance with the laws of the State of New Jersey, including the New Jersey Uniform Commercial Code and the Seller and the Buyer hereby attorn to either the jurisdiction of the Courts of the State of New Jersey or courts of the State of Florida.

25. Except where otherwise stated in this Agreement, all terms employed in this Agreement will have the same definition as set forth in the Uniform Commercial Code in effect in the State of New Jersey on the date of execution of this Agreement.

*Ahmad Loul*

Page 4 of 5

06 / 10 / 2020                                                     06 / 11 / 2020

Doc ID: 1885a06b5e2c8484721aaeaf38e6520b961c5db5

26. If any clause of this Agreement is held unconscionable by any court of competent jurisdiction, arbitration panel or other official finder of fact, the clause will be deleted from this Agreement and the balance of this Agreement will remain in full force and effect.

27. This Agreement will inure to the benefit of and be binding upon the Seller and the Buyer and their respective successors and assigns.

28. This Agreement may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

29. Time is of the essence in this Agreement.

30. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise. The Buyer acknowledges that it has not relied upon any representations of the Seller as to prospective performance of the Goods, but has relied upon its own inspection and investigation of the subject matter.

**IN WITNESS WHEREOF** the parties have executed this Purchase Agreement on this 9th day of June, 2020.

_____ (Witness) _____   06 / 11 / 2020

Stone Technology (HK) Co Ltd (Seller)

(the 'Seller')

_Ahmad Loul_ _____ (Witness) _____   _Ahmad Loul_

GlobalGeeks Inc. (Buyer)   06 / 10 / 2020

(the 'Buyer')

Doc ID: 1885a06b5e2c8484721aaeaf38e6520b961c5db5

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | 3 Ply Masks PO between GlobalGeeks and Stone HK |
| **FILE NAME** | Final_PO82811 - Purchase Agreement.pdf |
| **DOCUMENT ID** | 1885a06b5e2c8484721aaeaf38e6520b961c5db5 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| **SENT** | **06 / 10 / 2020**<br>01:43:44 UTC | Sent for signature to Ahmad Loul (ahmad@globalgeeks.com) and Guanghua Peng (philip.peng@stonepack.com) from jamesliulaw@gmail.com<br>IP: 73.245.46.129 |
| **VIEWED** | **06 / 10 / 2020**<br>01:55:45 UTC | Viewed by Guanghua Peng (philip.peng@stonepack.com)<br>IP: 121.35.129.222 |
| **VIEWED** | **06 / 10 / 2020**<br>13:35:42 UTC | Viewed by Ahmad Loul (ahmad@globalgeeks.com)<br>IP: 172.58.203.186 |
| **SIGNED** | **06 / 10 / 2020**<br>13:41:26 UTC | Signed by Ahmad Loul (ahmad@globalgeeks.com)<br>IP: 172.58.203.186 |
| **SIGNED** | **06 / 10 / 2020**<br>17:54:45 UTC | Signed by Guanghua Peng (philip.peng@stonepack.com)<br>IP: 45.135.186.11 |
| **COMPLETED** | **06 / 10 / 2020**<br>17:54:45 UTC | The document has been completed. |

# EXHIBIT "B"



# Purchase Order

**GlobalGeeks Inc.**

**Moorestown**
**1256 North Church St.**
**Suites 3&4**
**Moorestown NJ 08057**
**United States**
**+1 (800) 421-6603**

| Date | PO # |
|---|---|
| 6/15/2020 | PO82813 |

| Vendor | Ship To |
|---|---|
| Stone Technology (HK) Co Ltd.<br>Room 1709, Futian Buiding West, Shennan Road,<br>Futian, Shenzhen, PRC | Moorestown<br>1256 North Church St.<br>Suites 3&4<br>Moorestown NJ 08057<br>United States |

| Location | Memo | Terms | Incoterm | | | | Total QTY |
|---|---|---|---|---|---|---|---|
| Moorestown | | | | | | | |

| Item | Description | Quantity | Rate | Amount | Received |
|---|---|---|---|---|---|
| 3PLY Mask | | 817,000 | 0.20 | 163,400.00 | 0 |
| | | | Total | | $163,400.00 |

Ahmad Loul

06 / 16 / 2020

心汗亭

06 / 17 / 2020



PO82813

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

**Purchase Agreement**

**THIS PURCHASE AGREEMENT (the "Agreement") dated this 15th day of June, 2020**

**BETWEEN:**

Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian, Shenzhen, PRC

(the 'Seller')                                    OF THE FIRST PART

- AND -

GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057 (the 'Buyer')

OF THE SECOND PART

**IN CONSIDERATION OF THE COVENANTS** and agreements contained in this Purchase Agreement the parties to this Agreement agree as follows:

**Sale of Goods**

1. The Seller will sell, transfer and deliver to the Buyer the following goods on or before the day of 06/15/2020 (the 'Goods'): 3PLY MASKS

**Purchase Quantity**

2. The Buyer agrees to purchase 817,000 3ply masks in this purchase agreement.

**Purchase Price**

3. The Buyer will accept the Goods and pay for the Goods with the sum of one hundred sixty-three thousand four hundred ($163,400.00) USD (the "Purchase Price"), paid by accounting payment settlement within 14-days.

4. The Seller and the Buyer both acknowledge the sufficiency of this consideration. In addition to the Purchase Price specified in this Agreement, the amount of any present or future sales, use, excise or similar tax applicable to the sale of the Goods will be paid by the Buyer, or

*Ahmad Loul*

06 / 16 / 2020

Page 1 of 5

06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

alternatively, the Buyer will provide the Seller with a tax exemption certificate acceptable to the applicable taxing authorities.

### Delivery of Goods

5. the goods will be deemed received by the Buyer when it is checked out from the 3rd party warehouse of Seller. The method of shipment will be within the discretion of the Buyer. However, the Seller will only be responsible for the lesser of truck freight or rail freight to the Buyer.

### Risk of Loss

6. The risk of loss from any casualty to the Goods, regardless of the cause, will be on the Seller until the Goods have been received by the Buyer.

### Warranties

7. The Seller warrants that (1) the Seller is the legal owner of the Goods; (2) the Goods are free from all liens and encumbrances; (3) the Seller has the right to sell the Goods; and (4) the Seller will warrant and defend the title of the Goods against any and all claims and demands of all persons.

8. The Seller warrants that the Goods will be fit for the purpose for which such goods are ordinarily intended.

9. The Seller warrants that the Goods are now free and at the time of delivery will be free from any security interest or other lien or encumbrance. except the security interest created in this Agreement until the Seller is paid in full.

10.   The Seller warrants that the Goods will be delivered free of the rightful claim of any person arising from patent or trademark infringement.

11.   EXCEPT FOR THE ABOVE WARRANTIES, NO OTHER WARRANTY (WHETHER EXPRESSED, IMPLIED OR STATUTORY) IS MADE BY THE SELLER REGARDING THE GOODS.

### Title

12. Title to the Goods will remain with the Seller until delivery and actual receipt of the Goods by the Buyer.

*Ahmad Loul*

06 / 16 / 2020

06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

**Inspection**

13. Inspection will be made by the Buyer within 10-14 days at the time and place of delivery.

**Claims**

14. The Buyer's failure to give notice of any claim within 10-14 days from the date of delivery will constitute an unqualified acceptance of the Goods and a waiver by the Buyer of all claims with respect to the Goods.

**Excuse for Delay or Failure to Perform**

15. The Seller will not be liable in any way for any delay, non-delivery or default in shipment due to labor disputes, transportation shortage, delays in receipt of material, priorities, fires, accidents and other causes beyond the control of the Seller or its suppliers. If the Seller, in its sole judgment, will be prevented directly or indirectly, on account of any cause beyond its control, from delivering the Goods at the time specified or within one month after the date of this Agreement, then the Seller will have the right to terminate this Agreement by notice in writing to the Buyer, which notice will be accompanied by full refund of all sums paid by the Buyer pursuant to this Agreement.

**Remedies**

16. The Buyer's exclusive remedy and the Seller's limit of liability for any and all losses or damages resulting from defective goods or from any other cause will be for the Purchase Price of the particular delivery with respect to which losses or damages are claimed, plus any transportation charges actually paid by the Buyer.

**Cancellation**

17. In an event the Buyer or Seller wish to cancel this agreement, both parties must mutually agree in writing within 30-days to request a cancellation of this agreement.

**Notices**

18. Any notice to be given or document to be delivered to either the Seller or Buyer pursuant to this Agreement will be sufficient if delivered via email or sent by prepaid registered mail to the address specified below. Any written notice or delivery of documents will have been given, made

*Ahmad Loul*

06 / 16 / 2020

Page 3 of 5

06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

and received on the day of delivery if delivered via-email, or on the third (3rd) consecutive business day next following the date of mailing if sent by prepaid registered mail:

SELLER: Stone Technology (HK) Co Ltd of Room 1709, Futian Buiding West, Shennan Road, Futian, Shenzhen, PRC
BUYER: GlobalGeeks Inc. of 1256 N Church St, Moorestown NJ 08057

**Additional Provisions**

29. GlobalGeeks reserves the right to reject the masks if they are found not eligible for public usage.

**General Provisions**

20. Headings are inserted for the convenience only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

21. All representations and warranties of the Seller contained in this Agreement will survive the closing of this Agreement.

22. Either party to this Agreement may assign its rights under this Agreement, but the assignment will not change the duty of either party, increase the burden or risk involved, or impair the chances of obtaining the performance of the Agreement. However, no obligation for performance imposed on either party by this Agreement may be delegated to any other person without the prior written consent of the other party. Each party has a substantial interest in having the other party perform or control the acts required by this Agreement.

23. This Agreement cannot be modified in any way except in writing signed by all the parties to this Agreement.

24. This Agreement will be governed by and construed in accordance with the laws of the State of New Jersey, including the New Jersey Uniform Commercial Code and the Seller and the Buyer hereby attorn to either the jurisdiction of the Courts of the State of New Jersey or courts of the State of Florida.

25. Except where otherwise stated in this Agreement, all terms employed in this Agreement will have the same definition as set forth in the Uniform Commercial Code in effect in the State of New Jersey on the date of execution of this Agreement.

*Ahmad Loul*

Page 4 of 5

06 / 16 / 2020                                                      06 / 17 / 2020

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

26. If any clause of this Agreement is held unconscionable by any court of competent jurisdiction, arbitration panel or other official finder of fact, the clause will be deleted from this Agreement and the balance of this Agreement will remain in full force and effect.

27. This Agreement will inure to the benefit of and be binding upon the Seller and the Buyer and their respective successors and assigns.

28. This Agreement may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

29. Time is of the essence in this Agreement.

30. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise. The Buyer acknowledges that it has not relied upon any representations of the Seller as to prospective performance of the Goods, but has relied upon its own inspection and investigation of the subject matter.

**IN WITNESS WHEREOF** the parties have executed this Purchase Agreement on this 9th day of June, 2020.

_____ (Witness)   _____   06 / 17 / 2020

Stone Technology (HK) Co Ltd (Seller)

(the 'Seller')

Ahmad Loul
_____ (Witness)   _____   06 / 16 / 2020

GlobalGeeks Inc. (Buyer)

(the 'Buyer')

Doc ID: 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | PO082813 between Stone and GlobalGeeks |
| **FILE NAME** | PO82813 agreement.pdf |
| **DOCUMENT ID** | 3ca171d71c5bf2dbeffc82a5ed0a883324c5409d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**06 / 16 / 2020**
14:05:35 UTC
Sent for signature to Ahmad Loul (ahmad@globalgeeks.com) and Guanghua Peng (philip.peng@stonepack.com) from jamesliulaw@gmail.com
IP: 73.245.46.129

**VIEWED**
**06 / 16 / 2020**
14:22:31 UTC
Viewed by Guanghua Peng (philip.peng@stonepack.com)
IP: 113.92.129.86

**VIEWED**
**06 / 16 / 2020**
14:22:36 UTC
Viewed by Ahmad Loul (ahmad@globalgeeks.com)
IP: 73.160.7.142

**SIGNED**
**06 / 16 / 2020**
14:23:49 UTC
Signed by Ahmad Loul (ahmad@globalgeeks.com)
IP: 73.160.7.142

**SIGNED**
**06 / 16 / 2020**
16:30:02 UTC
Signed by Guanghua Peng (philip.peng@stonepack.com)
IP: 113.92.129.86

**COMPLETED**
**06 / 16 / 2020**
16:30:02 UTC
The document has been completed.

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

STONE TECHNOLOGY (HK) CO., LTD.,
an HK COMPANY,                                        CASE NO.: 2020-014350-CA-01

       Plaintiff,

v

GLOBAL GEEKS, INC.,
a New Jersey Corporation.

       Defendant.

_____/

## NOTICE OF FILING

    PLEASE TAKE NOTICE that the undersigned files this Notice of Filing Notice of

Removal to Federal Court filed in the United States District Court of Florida, Miami-Dade

County Division on August 5, 2020.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via
E-Service to: Jianyin Liu, Esq.,The Law Offices of James Liu, PLLC, 15750 SW 92nd Ave, Unit
20C, Palmetto Bay, FL 33157 (jamesliulaw@gmail.com) on this **5th** day of August, 2020.

                By: */s/ Glen M. Lindsay*_____
                Glen M. Lindsay, Esq.
                Florida Bar Number: 59200
                Email: GLindsay@saavlaw.com
                *Attorneys for Plaintiff*
                **SAAVEDRA | GOODWIN**
                312 SE 17th Street, Second Floor
                Fort Lauderdale, Florida 33316
                Tel: (954) 767-6333 | Fax: (954) 767-8111

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

STONE TECHNOLOGY (HK) CO., LTD.,
an HK COMPANY,

                                       CASE NO.: 1:20-cv-232

               Plaintiff,

v                                      State Court Case No.: 2020-014350-CA-01

GLOBAL GEEKS, INC.,
a New Jersey Corporation.

               Defendant.

_____/

## NOTICE OF REMOVAL

      Defendant, GLOBALGEEKS, INC. ("Defendant"), by and through undersigned counsel, files this Notice of Removal in the above-captioned matter, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. This removal is made pursuant to 28 U.S.C. §§ 1332 and 1441. Removal is proper because there is diversity of citizenship, and an aggregate amount in controversy that exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

      1.      On July 8, 2020, Plaintiff, STONE TECHNOLOGY (HK) CO., LTD., filed the removed case, *Stone Technology, (HK) Co., Ltd.s v. GlobalGeeks, Inc.,* Case No.: 2020-014350-CA-01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

      2.      Plaintiff served the Complaint on Defendant, GLOBAL GEEKS, INC., on July 9, 2020.

      3.      Plaintiff served an Amended Complaint on Defendant on July 24, 2020.

      4.      The basis of Plaintiff's breach of contract claim involves two purchase order agreements executed between Plaintiff and Defendant for the purchase of 3-ply masks. The first purchase order agreement, PO82811, called for the purchase of 2,462,500 3-ply masks for a total

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Notice of Removal to Federal Court
Page 2 of 2

purchase price of $492,500.00 USD. The second purchase order agreement, PO82813, called for the purchase of 817,000 3-ply masks for a total purchase price of $163,400.00 USD.

     5.     The Purchase Agreements for both PO82811 and PO82813 were attached to the Complaint and Paragraph 24 of both Purchase Agreements contains a New Jersey choice of law provision and contains a jurisdiction provision providing that disputes may be brought in either the New Jersey or Florida court system.

     6.     In accordance with Local Rule 7.2 and pursuant to 28 U.S.C. § 1446(a), true and legible copies of all papers on file with the state court are attached hereto as **Exhibit 1**.  These papers include Plaintiff's original Complaint, the accompanying service documents, and Plaintiff's Amended Complaint. Defendant has not yet filed its answer to Plaintiff's Amended Complaint filed July 24, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendant is not aware of any other pending motions or brief.

     7.     Pursuant to 28 U.S.C. § 1446(d), Defendant is serving written notice of the removal of this case on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Eleventh Judicial Circuit in Miami-Dade County, Florida. A true and correct copy of the Notice of Filing Notice of Removal being filed on this date in the Eleventh Judicial Circuit is attached within **Exhibit 1**.

     8.     Nothing in this Notice shall constitute a waiver of Defendant's right to assert any defense, including a motion to dismiss, as the case progresses.

### VENUE

     9.     Venue is proper under 28 U.S.C. § 1141(a) because this Court is the United States District Court for the district and division embracing the place where the state court was pending.

### REMOVAL IS TIMELY

     10.     The removal is timely under 28 U.S.C. § 1446(b).  Plaintiff filed its Complaint on July 8, 2020. Plaintiff served the Complaint on Defendant on July 9, 2020. *See* Exh. 1. Defendant filed this Notice of Removal within thirty (30) days of service, as required by law. Accordingly, removal is timely as it falls within this thirty-day period.

_____
**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Notice of Removal to Federal Court
Page 2 of 2

## BASIS FOR REMOVAL OF JURISDICTION

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.

12.     First, there is diversity between the Plaintiff and Defendant.

13.     The Plaintiff is an active company incorporated in Hong Kong, and maintaining offices in Palmetto Bay, Florida. Defendant is a Corporation incorporated in the State of New Jersey.

14.     A corporation is a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff recognizes, they are an entity of a foreign state conducting business and maintaining offices in the State of Florida.

15.     Because Plaintiff is a citizen of Hong Kong (a foreign state) and Defendant is not a citizen of Florida, the parties are minimally diverse.

16.     Second, the aggregate amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). *See* Complaint Exh.1.

17.     "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id*. (quoting and citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008)). Indeed, "for the purposes of jurisdiction, what is actually recoverable is irrelevant; instead, it is the amount Plaintiff is seeking, and therefore putting in controversy, that is determinative." *Kilmer v. Stryker Corp.*, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014).

## CONCLUSION

1.     Pursuant to 28 U.S.C. §§ 1332 and 1441 hereby removes the above-captioned matter from the Circuit Court of the Thirteenth Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District Court of Florida, Miami-Dade Division.

*{Certificate of Service Attached}*

_____
**SAAVEDRA | GOODWIN**

Stone Technologies (HK) Co., Ltd. v Global Geeks, Inc.
Case No.: 2020-014350-CA-01
Notice of Removal to Federal Court
Page 2 of 2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via E-Service to: Jianyin Liu, Esq.,The Law Offices of James Liu, PLLC, 15750 SW 92nd Ave, Unit 20C, Palmetto Bay, FL 33157 (jamesliulaw@gmail.com) on this **5th** day of August, 2020.

By: */s/ Glen M. Lindsay*
Glen M. Lindsay, Esq.
Florida Bar Number: 59200
Email: GLindsay@saavlaw.com
*Attorneys for Plaintiff*
**SAAVEDRA | GOODWIN**
312 SE 17th Street, Second Floor
Fort Lauderdale, Florida 33316
Tel: (954) 767-6333 | Fax: (954) 767-8111

_____

**SAAVEDRA | GOODWIN**