UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23251-BLOOM/Louis

STONE TECHNOLOGY (HK) CO., LTD.,

    Plaintiff,

v.

GLOBALGEEKS, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Stone Technology (HK) Co., Ltd.'s ("Plaintiff") Motion to Add Defendant and Amend First Amended Complaint Filed in State Court. ECF No. [29] ("Motion"). Defendant GlobalGeeks, Inc. ("Defendant") filed its response in opposition, ECF No. [31] ("Response"), to which Plaintiff replied, ECF No. [32] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff originally initiated this breach of contract action against Defendant in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1] at 2-6. Plaintiff subsequently filed its First Amended Complaint in state court. *Id.* at 35-56 ("Amended Complaint"). Defendant removed this action to federal court on August 5, 2020, on the basis of diversity jurisdiction. ECF No. [1]. Further, on August 26, 2020, this Court issued its Order Setting Trial and Pre-Trial Schedule Requiring Mediation, and Referring Certain Matters to

Magistrate Judge, ECF No. [13] ("Scheduling Order"), which set an October 26, 2020, deadline to file all motions to amend pleadings or join parties. *Id.* at 2.

On October 7, 2020, Plaintiff filed the instant Motion, requesting leave to amend its pleading a second time to join Stone Group USA, LLC ("Stone Group") as a plaintiff to this action,[1] to join Ahmad Loul, Defendant's Chief Executive Officer, as a defendant, and to assert eleven additional claims for relief.[2] Defendant filed its Response on October 21, 2020, opposing the requested amendment on grounds of bad faith, undue delay, and futility. On October 27, 2020, Plaintiff filed its Reply, which argued that the Motion was not motivated by either bad faith or undue delay. In its Reply, Plaintiff nonetheless agreed to withdraw the two counts of fraud and to not join Mr. Loul as a defendant in this case. Attached to the Reply was an updated amended pleading, ECF No. [32-1] ("Second Amended Complaint"), which is the document the Court will rely on for the remainder of this Order.

## II. LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but

---

[1] Defendant does not oppose the joinder of Stone Group as a plaintiff. *See* ECF No. [29] at 3, ¶ 14.

[2] The proposed amendment originally asserted fifteen counts, which encompassed causes of action for breach of contract, promissory estoppel, unjust enrichment, and fraud based on various purchase orders and agreements between the parties. *See generally* ECF No. [29-1].

> outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

> Likewise,

> A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend. That consideration arises only if there are substantial reasons to deny the amendment. Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice. Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citations omitted).[3] Ultimately, "[t]he thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-cv-21559, 2018 WL 8311386, at *4 (S.D. Fla. Jan. 12, 2018) (quoting *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014); *Foman*, 371 U.S. at 182).

## III. DISCUSSION

In this case, Plaintiff timely sought this Court's permission to file the Second Amended Complaint by October 26, 2020, the deadline to amend. Thus, absent any apparent or compelling reason for denial, leave to amend should be freely given, as required by Rule 15(a)(2). *See Foman*,

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals of the Fifth Circuit issued prior to October 1, 1981.

371 U.S. at 182. Defendant argues that leave to amend should be denied, on grounds of bad faith, undue delay, and futility of the requested amendments and citing issues of futility and vagueness in the originally proposed amended pleading. Plaintiff's Reply ultimately withdrew the addition of two fraud counts and the joinder of Mr. Loul as a defendant. Thus, the Court need not address the merits of these issues.

### A. Bad Faith & Undue Delay

Defendant contends that permitting amendment here would encourage Plaintiff's bad faith gamesmanship in this litigation. Specifically, Defendant asserts that there is no valid excuse for Plaintiff's failure to assert all of the claims in the Second Amended Complaint in earlier pleadings. Instead, Plaintiff's Motion, according to Defendant, is simply an improper attempt to expand the issues presented in this case and delay its resolution.

"[A] district court has discretion to deny leave to amend when the moving party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation for a lengthy delay." *In re Engle Cases*, 767 F.3d at 1119; *see Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004) (affirming the denial of leave to amend where the moving party offered no explanation for why she could not have included the proposed amended pleadings in her original complaint or her first amended complaint); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial where "[t]he facts upon which the claims . . . were based were available at the time the complaints were filed"); *Streaminn Hub Inc. v. Gayle*, No. 18-24684-CIV, 2020 WL 4501801, at *1 (S.D. Fla. May 11, 2020).

"Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial." *Pines Props., Inc. v. Am. Marine Bank*, 156 F. App'x 237, 240 (11th Cir. 2005) (citing *Hester v. Int'l Union of Operating Eng'rs, AFL-CIO*, 941 F.2d 1574, 1578-79 (11th Cir. 1991))). Further, whether a

4

parties' delay is undue depends on: "(1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount of time movant delayed in seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings." *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020) (citing *Lesman v. Specialized Loan Servicing, LLC*, No. 1:14-cv-02007-ELR-AJB, 2015 WL 13773978, at *4 (N.D. Ga. Jan. 16, 2015); *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041-42 (11th Cir. 2006)).

> Similarly,
>
> "[b]ad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage." *GSS Properties, Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C.1988). Moreover, "when a plaintiff withholds his true position from his opponent, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless satisfactory explanation clearly shows otherwise." *Id.*

*Calkins v. USAA Cas. Ins. Co.*, No. 2:15-cv-454-FtM-29CM, 2016 WL 3360429, at *3 (M.D. Fla. May 10, 2016), *report and recommendation adopted*, No. 2:15-cv-454-FtM-29CM, 2016 WL 3348979 (M.D. Fla. June 16, 2016).

In light of the fact that Plaintiff filed its Motion within the time period the Court set for the deadline to amend, the Court is unpersuaded by Defendant's arguments regarding Plaintiff's alleged undue delay in seeking leave to amend here. *See Alonso v. Sch. Bd. of Collier Cty., Fla.*, No. 2:16-cv-379-FtM-38MRM, 2018 WL 9617244, at *2 (M.D. Fla. Dec. 28, 2018) ("Plaintiffs acted in compliance with the Court's Amended Case Management and Scheduling Order. Accordingly, the Court declines to find undue delay even though this action was filed over two years ago and Plaintiffs' learned of the ELCATE Academy over one year ago."); *Sher v. Raytheon Co.*, No. 8:08-cv-889-T-33AEP, 2010 WL 11507785, at *2 (M.D. Fla. Feb. 22, 2010) (finding no undue delay when motion for leave to amend was filed prior to the deadline to amend even though the motion was filed two months before the discovery deadline and more than a year and a half

after the litigation began); *cf. Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("This court has found delay to be undue where "both the parties and the court were fully prepared for trial and the addition of a new claim would have re-opened the pretrial process and delayed the trial and [where the plaintiff's] attorney had sufficient opportunity to request a timely amendment before the pretrial order had been submitted." (quoting *Nolin v. Douglas Cty.*, 903 F.2d 1546, 1551 (11th Cir. 1990)). Further, Defendant presents no support for its accusations of bad faith conduct, which presumably were in response to Plaintiff's addition of fraud claims. Thus, the Court does not find any bad faith conduct in this case.

Similarly, the Court notes that the parties have until May 18, 2021, to engage in any necessary dicovery before the expiration of the discovery deadline. As such, the Court does not find that Defendant will be so unduly prejudiced so as to bar amendment, which should otherwise be freely granted before the conclusion of the amendment deadline under the Federal Rules of Civil Procedure. Thus, permitting the amendment is not precluded by bad faith, undue delay, or prejudice. *See Holland v. Hunter Douglas, Inc.*, No. 18-cv-60479, 2018 WL 7082666, at *1 (S.D. Fla. June 25, 2018); *Waite v. All Acquisition Corp.*, No. 15-cv-62359, 2016 WL 2346768, at *12 (S.D. Fla. Mar. 10, 2016), *aff'd*, 901 F.3d 1307 (11th Cir. 2018).

**B. Futility**

Defendant also argues that the Motion should be denied because one of Plaintiff's promissory estoppel claims in the Second Amended Complaint fail to state a claim and therefore must be dismissed as a matter of law. The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Weaver*, 169 F.3d at 1320; *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same).

The burden on a party seeking to amend a pleading "is minimal" under Rule 15. *Cohen v. Gulfstream Training Acad., Inc.*, No. 07-60331-CIV, 2007 WL 2904150, at *3 (S.D. Fla. Oct. 3, 2007); *see also Forman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *Waite*, 2016 WL 2346768, at *12 (granting motion for leave to file an amended answer and affirmative defenses and rejecting futility argument because the proposed amendments identified potential bases for alternative liability, discovery had not concluded, and the new defenses did "not alter the basic issues in this case"); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-cv-61365, 2020 WL 639400, at *6 (S.D. Fla. Feb. 11, 2020).

Defendant contends that the promissory estoppel claim in Count II of the Second Amended Complaint, which is pled in the alternative to the breach of contract claim in Count I, fails to state a claim because it demands unrecoverable expectation interest damages, rather than the reliance damages that are permitted by law. However, "[a]t the motion to dismiss stage, the plaintiff need not prove up his damages, as he is not seeking an award of a sum certain at that point in the litigation." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1380 (S.D.

Fla. 2012). Notably, aside from the damages allegations in Count II, Defendant does not appear to dispute the fact that the Second Amended Complaint adequately states a claim for promissory estoppel, and, upon review, the Court agrees. "To satisfy the federal rules, 'a plaintiff need not specify his damages in detail, so long as his prayer for relief fairly encompasses the damages sought.'" *Burdick v. Bank of Am., N.A.*, 99 F. Supp. 3d 1372, 1380 (S.D. Fla. 2015) (citing *Newton v. Palm Coast Recovery Corp.*, No. 13-62051-CIV, 2014 WL 293484, at *3 (S.D. Fla. Jan. 27, 2014); *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1123-24 (11th Cir. 2006)). Defendant's challenge is more appropriately raised at the summary judgment stage. Because the propriety of specific damages allegations is not fatal to Plaintiff's promissory estoppel claim, the Court finds that Count II of the Second Amended Complaint is not futile and therefore grants the Motion as it relates to this Count.

### C. Joinder

Finally, with regard to Plaintiff's remaining, unopposed request to join Stone Group as a plaintiff in this action, the Court concludes that the allegations as pled prohibit any such joinder because they call into question this Court's jurisdiction. "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1327 (S.D. Fla. 2017) (quoting *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)).

> For purposes of determining diversity jurisdiction, all unincorporated associations, regardless of their particular corporate-like features, are treated as partnerships and deemed to possess the citizenship of their partners or members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1015 (2016); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 n.1, 190, 195-96 (1990); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1087-88 (11th Cir. 2010); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam). If a partner or member of an unincorporated association is itself an unincorporated association, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citation

omitted); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam).

*Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303-04 (S.D. Fla. 2016).

The Second Amended Complaint fails to sufficiently allege the existence of complete diversity among the parties because it contains no information on the citizenship of Stone Group's partners or members. ECF No. [32-1] at 1, ¶ 3. Granting Plaintiff's request for joinder would call into question the existence of this Court's diversity jurisdiction. Thus, it must be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [29]**, is **GRANTED in part and DENIED in part**. Plaintiff's request to join Stone Group as a plaintiff in this action is **DENIED**. Plaintiff shall separately refile a revised version of the Second Amended Complaint, **ECF No. [32-1]**, consistent with this Order **by no later than October 30, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record