UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23251-BLOOM/Louis

STONE TECHNOLOGY (HK) CO., LTD.,

      Plaintiff,

v.

GLOBALGEEKS, INC.,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant GlobalGeeks, Inc.'s ("Defendant") Motion for Clarification, or in the Alternative Motion for Reconsideration, of this Court's Paperless Order Denying as Moot Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim [ECF 36]. ECF No. [37] ("Motion"). Plaintiff Stone Technology (HK) Co., Ltd. ("Plaintiff") filed its Response in Opposition, ECF No. [38] ("Response"), to which Defendant replied, ECF No. [39] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

I.  **BACKGROUND**

Plaintiff originally initiated this breach of contract action against Defendant in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1] at 2-6. Plaintiff later amended its complaint in state court. *Id.* at 35-56 ("First Amended Complaint"). On August 5, 2020, Defendant removed this action to federal court on the basis of diversity jurisdiction. ECF No. [1]. Upon removal, this Court issued an Order Setting Trial and Pre-Trial Schedule Requiring Mediation, and Referring Certain Matters to Magistrate Judge, ECF No. [13]

("Scheduling Order"), which set the deadline to file all motions to amend pleadings as October 26, 2020. *Id.* at 2.

On September 10, 2020, Defendant filed an Amended Answer, Affirmative Defenses and Amended Counterclaim to Plaintiff's First Amended Complaint. ECF No. [19] ("Counterclaim"). In response, Plaintiff filed a Motion to Dismiss portions of the Counterclaim, ECF No. [24] ("MTD"), and an Answer and Affirmative Defenses to the portions of the Counterclaim not subject to the MTD, ECF No. [27]. Defendant later filed a response in opposition to the MTD, to which Plaintiff did not reply. *See* ECF No. [28].

Additionally, on October 7, 2020, Plaintiff filed a motion requesting, in relevant part, to amend its First Amended Complaint. ECF No. [29]. On October 29, 2020, the Court issued an Order granting the motion in part and denying it in part, and permitted Plaintiff to file a Second Amended Complaint consistent with the Order. *See* ECF No. [33] ("Order to Amend"). Plaintiff timely filed its Second Amended Complaint on the same day. ECF No. [34] ("SAC"). On November 12, 2020, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, ECF No. [35] ("Answer to the SAC"), that did not include the previously asserted Counterclaim. Instead, the Answer to the SAC included a footnote, which explained that, because Defendant's Counterclaim was not impacted by the filing of the SAC, Defendant did not refile the Counterclaim with its Answer to the SAC. *Id.* at 1 n.1. On November 28, 2020, this Court denied the MTD as moot due to Defendant's filing of its Answer to the SAC. ECF No. [36] ("Order on the MTD").

On December 18, 2020, Defendant filed the instant Motion, requesting clarification or, alternatively, reconsideration of the Court's Order on the MTD. ECF No. [37]. In particular, the Motion explains that Defendant understood the denial of the MTD to be based upon Plaintiff's subsequent Answer and Affirmative Defenses to the Counterclaim, ECF No. [27]. Nonetheless,

Defendant indicates that, on December 14, 2020, it received correspondence from Plaintiff's counsel that alerted Defendant to the possibility that the Court's Order on the MTD was based on the perceived abandonment of Defendant's Counterclaim, despite the footnote in the Answer to the SAC. Because Defendant intended to preserve its Counterclaim and to continue litigating the issues raised in the Counterclaim, Defendant now moves for clarification or reconsideration of the Court's Order on the MTD and argues that it would suffer manifest injustice if it was deprived of its ability to pursue the claims asserted in its Counterclaim. As such, Defendant requests that this Court "reinstate" the Counterclaim and allow the parties to continue litigating the claims asserted.[1] Plaintiff opposes the Motion, arguing that Defendant's reference to the Counterclaim in a footnote in its Answer to the SAC violates the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff also contends that it could have succeeded on its MTD, even if Defendant's footnote incorporating its Counterclaim was valid.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60 permits a party to seek relief from a court order in certain, specific circumstances. Fed. R. Civ. P. 60. Pursuant to Rule 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). However, "[w]hile the district court may correct clerical errors to reflect what was intended at the time of ruling, '[e]rrors that affect substantial rights of the parties . . . are beyond the scope of rule 60(a).'" *Weeks v. Jones*, 100 F.3d 124, 128-29 (11th Cir. 1996) (quoting *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982)); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994) ("An error in a judgment that accurately reflects the decision of the court or jury as rendered is not

---

[1] Defendant further notes that, if this Court denies the Motion, it intends to move, pursuant to Federal Rule of Civil Procedure 15, for leave to refile the Counterclaim, which it argues would be appropriate here, given the stage of the proceedings and the lack of prejudice to Plaintiff. *See* ECF No. [37] at 5 n.1.

'clerical' within the terms of Rule 60(a).").") Thus, "[a] district court is not permitted . . . to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Weeks*, 100 F.3d at 129 (quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992)). Rather, "[c]ourts will construe Rule 60(a) narrowly to bolster the finality of judgments and to block circumvention of more restrictive means to obtain review of orders[.]" *Paladin Shipping Co. v. Star Cap. Fund, LLC*, No. 10-cv-21612, 2014 WL 12685861, at *4 (S.D. Fla. Sept. 8, 2014) (internal quotation marks omitted). "If . . . cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the [party's] blunders." *Id.* (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 504-05 (5th Cir. 1994)).[2]

Rule 60(b), on the other hand, permits a court to relieve a party from a court's order for certain specifically enumerated reasons. Fed. R. Civ. P. 60(b).[3] "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

[3] Rule 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). Thus, a movant seeking relief pursuant to Rule 60(b) "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Likewise, a motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Nevertheless, a motion for reconsideration is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-cv-61194, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Ultimately, however, the grant or denial of reconsideration is a determination that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III.  DISCUSSION

Defendant seeks clarification or reconsideration of this Court's Order on the MTD, pursuant to Rule 60(a), arguing that it never intended to abandon its Counterclaim in its subsequent Answer to the SAC. As such, Defendant requests that this Court reinstate the Counterclaim so the parties can continue litigating the claims asserted in this case.

### A.  Abandonment of the Counterclaim

As an initial matter, the Court must address whether Defendant abandoned its Counterclaim by failing to contemporaneously reassert it within its Answer to the SAC.

Pursuant to Federal Rule of Civil Procedure 13, which governs counterclaims:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). Critically, Rule 13(a) requires that a mandatory counterclaim be raised in a pleading. *See ITL Int'l, Inc. v. Walton & Post, Inc.*, No. 10-cv-22096, 2011 WL 13055064, at *1 (S.D. Fla. June 6, 2011).

Federal Rule of Civil Procedure 7(a) specifically permits the following pleadings: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. *See* Fed. R. Civ. P. 7(a); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014). "Rule 7 explicitly excludes everything else from its definition of pleadings." *Harris v. Haynes Furniture Co.*, No. 1:17-cv-03284-WSD-CMS, 2018 WL 3699029, at *2 (N.D. Ga. Apr. 25, 2018) (quoting *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995)).

Notably absent from Rule 7(a)'s list of recognized pleadings, however, is a counterclaim. Indeed, it is well-recognized in this Circuit that a counterclaim cannot be independently asserted, but rather must be raised within a Rule 7(a) pleading. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259 n.14 (11th Cir. 2003) ("Ordinarily, a party must assert a counterclaim in its pleadings."), *aff'd*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).[4] As such, in order for a litigant to properly assert a counterclaim, it must "be filed with [the] answer." *Vulcan Mktg., Inc. v. Tech. Consumer Prods., Inc.*, 614 F. Supp. 2d 1253, 1256 (N.D. Ala. 2009).

Moreover, where a litigant fails to properly assert its counterclaim, "that omission has consequences." *Bibb Cty. Sch. Dist.*, 2019 WL 1519299, at *3. For example, as the United States Supreme Court has noted, "[a] counterclaim which is compulsory but is not brought is thereafter barred." *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n.1 (1974); *see also Russell-Brown v. Univ. of Fla. Bd. of Tr.*, No. 1:09-cv-00257-MP-GRJ, 2012 WL 1571393, at *3 (N.D. Fla. Mar. 21, 2012) ("a compulsory counterclaim is barred if not pleaded"), *report and recommendation adopted*, No. 1:09-cv-00257-MCR-GRJ, 2012 WL 3064242 (N.D. Fla. July 27, 2012). Thus, "[a] party's failure to raise a compulsory counterclaim in the first suit results in a waiver of the claim such that the party may not raise the claim in a subsequent suit." *Uppal v. Wells Fargo Bank, N.A.*,

---

[4] *See also Cieutat v. HPCSP Invs., LLC*, No. CV 20-0012-WS-B, 2020 WL 4004806, at *2 n.1 (S.D. Ala. July 15, 2020) ("A counterclaim is not itself a pleading, which is a term limited to complaints, answers, and (when so ordered) replies. A counterclaim is instead a component of an answer."); *Arch Specialty Ins. Co.*, 2020 WL 5534280, at *3 (recognizing that "a party cannot file a counterclaim independent of a pleading"); *Erdman v. Falkner*, No. 1:18-cv-414-TFM-C, 2019 WL 2250276, at *2 n.6 (S.D. Ala. May 24, 2019) (same); *Bibb Cty. Sch. Dist. v. Dallemand*, No. 5:16-cv-549 (MTT), 2019 WL 1519299, at *3 (M.D. Ga. Apr. 8, 2019) ("Rule 13 provides that a counterclaim, whether compulsory or permissive, must be raised in 'a pleading' by a 'pleader.' A counterclaim is not one of the pleadings recognized under Rule 7(a); therefore, if a defendant seeks to assert a counterclaim, it must do so in its answer."); *Reams v. GK Rest., LLC*, No. 3:13-cv-1446-J-39JBT, 2015 WL 13735449, at *2 (M.D. Fla. July 21, 2015) ("A counterclaim is part of a responsive pleading."); *ITL Int'l, Inc.*, 2011 WL 13055064, at *1 ("Because a counterclaim is not itself a pleading, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file the counterclaim *as part of* a recognized pleading, *i.e.*, an answer." (emphasis in original) (quoting *Allied Med. Assoc. v. State Farm Mut. Auto. Ins. Co.*, No. 08-2434, 2009 WL 839063, at *2 & n.4 (E.D. Pa. Mar. 26, 2009)) (collecting cases).

No. 8:19-cv-1334-T-02JSS, 2019 WL 5887182, at *4 (M.D. Fla. Nov. 12, 2019) (citing *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991)).

It is also well established that, "[a]n amended complaint, once filed, normally supersedes the antecedent complaint." *Russell-Brown*, 2012 WL 1571393, at *3 (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)); *see also Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Moreover, an "original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Indeed, "positions taken only in the superseded pleading are no longer part of the case." *Cieutat*, 2020 WL 4004806, at *2; *Russell-Brown*, 2012 WL 1571393, at *3 (noting that, upon amendment, "the earlier [pleading] is a dead letter and 'no longer performs any function in the case'" (quoting *Connectu LLC*, 522 F.3d at 91)).

Accordingly, because an amended pleading supersedes the original pleading, where a defendant fails to reallege its previously asserted counterclaim in its amended pleading, the counterclaim is deemed to have been abandoned. *See Bahama Bay II Condo. Ass'n, Inc. v. United Nat'l Ins. Co.*, 374 F. Supp. 3d 1274, 1278 (M.D. Fla. 2019); *see also T.U. Parks Constr. Co. v. Happy Valley Stables, Inc.*, No. 4:16-cv-0097-HLM, 2017 WL 4866265, at *5 (N.D. Ga. Sept. 14, 2017) (concluding that defendant abandoned its counterclaim where it omitted the counterclaim

from its amended answer); *Reams*, 2015 WL 13735449, at *2 (holding that, upon filing an amended pleading, the counterclaims raised in the superseded pleading are no longer operative).[5]

Similarly, this District's Local Rules explicitly mandate that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, *must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference*." S.D. Fla. L.R. 15.1 (emphasis added). Thus, Local Rule 15.1 provides additional support for the requirement that a litigant reassert any counterclaim in its amended pleading.

In this case, Defendant attempted to preserve its previously asserted Counterclaim by including a footnote in the Answer to the SAC, explaining that because the Counterclaim was not impacted by the filing of the SAC, Defendant did not refile the Counterclaim with its Answer to the SAC. ECF No. [35] at 1 n.1. Defendant's Motion now requests that this Court reinstate the Counterclaim as an ongoing, viable claim, arguing that the Court seemingly misunderstood its intention to continue litigating the Counterclaim.[6] The Motion fails to present any legal basis justifying the propriety of Defendant's attempt to preserve its Counterclaim, especially where the

---

[5] *See also Steadfast Ins. Co. v. Sec. Eng'rs, Inc.*, No. 2:14-cv-01124-JHE, 2015 WL 300412, at *1 (N.D. Ala. Jan. 22, 2015) ("Because Steadfast filed an amended complaint and SEI did not reassert its counterclaims in its answer to the amended complaint, SEI abandoned the counterclaims asserted in its original answer."); *Pa. Nat'l Mut. Cas. Ins. Co. v. Snider*, 996 F. Supp. 2d 1173, 1180 n.8 (M.D. Ala. Feb. 11, 2014) ("Since then, however, Penn National filed an amended complaint, and the Beale Defendants never answered or otherwise responded. Because the Beale Defendants failed to answer Penn National's amended complaint, and therefore, never reasserted their counterclaims, the Court finds that the Beale Defendants' duty to defend counterclaims were abandoned.").

[6] Although Defendant moves for reconsideration under Rule 60(a), the Court notes that the requested relief appears to be more appropriately asserted under Rule 60(b)(1). Specifically, "[a] district court is not permitted . . . to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Weeks*, 100 F.3d at 129 (quoting *Burton*, 975 F.2d at 694). Moreover, as discussed in more detail below, the Court properly denied the MTD as moot, in light of the superseding amended pleadings filed in this case, and the issues presented in this Motion appear to arise from Defendant's own purported "mistake, inadvertence, surprise, or excusable neglect" in filing its Answer to the SAC. Therefore, Defendant's request for reconsideration should have been brought pursuant to Rule 60(b)(1).

manner of preservation is contrary to the requirements of the Federal Rules and the Local Rules governing the proper form of pleadings, amendments, and counterclaims.

In particular, pursuant to Rules 7(a) and 13(a), Defendant's Counterclaim must have been alleged within a pleading in order to be viable. Yet, the operative pleading within which Defendant's Counterclaim was asserted—the Amended Answer, Affirmative Defenses and Amended Counterclaim to Plaintiff's First Amended Complaint, ECF No. [19]—was later superseded by Defendant's Answer to the SAC. As such, any intention to continue litigating the claims raised in the Counterclaim was effectively abandoned when Defendant failed to reassert the Counterclaim in the Answer to the SAC. *See Reams*, 2015 WL 13735449, at *2 (holding that, upon filing an amended pleading, the counterclaims raised in the superseded pleading are no longer operative). Moreover, to the extent that Defendant intended to incorporate its Counterclaim by reference in its footnote in the Answer to the SAC, any such attempt runs afoul of Local Rule 15.1's requirement that an amended pleading be reproduced in its entirety. *See* S.D. Fla. L.R. 15.1.

Here, because Defendant failed to comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules in reasserting the Counterclaim in its Answer to the SAC, the Court concludes that Defendant's Counterclaim was effectively abandoned. As such, in this respect, Defendant's request for reconsideration is denied.

However, Defendant's abandonment of its Counterclaim does not end this Court's analysis.[7] Rather, "just as an affirmative defense may be raised by amendment under Rule 15 notwithstanding that such a defense is generally 'waived' if not pled in the answer, so too may be

---

[7] District courts possess the "inherent authority to manage [their] own docket[s] 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Further, courts in the Eleventh Circuit generally prefer "to resolve matters on the merits as opposed to procedural technicalities . . . . [and therefore] aim to give every litigant its day in court." *Arch Specialty Ins. Co.*, 2020 WL 5534280, at *2 (citing *Perez*, 774 F.3d at 1342).

a compulsory counterclaim." *Byker v. Smith*, No. 2:16-cv-02034-JEO, 2019 WL 4408445, at *7 (N.D. Ala. June 17, 2019) (citing *Menendez v. Perishable Distrib., Inc.*, 763 F.2d 1374, 1378-79 (11th Cir. 1985); *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975); *Byrd v. Williams*, No. 7:14-cv-01537-TMP, 2016 WL 362404, at *4 (N.D. Ala. Jan. 29, 2016)); *see also Sky Harbor Atlanta Ne., LLC v. Affiliated FM Ins. Co.*, No. 1:17-cv-03910-JPB, 2019 WL 7944234, at *3 (N.D. Ga. Oct. 30, 2019). Thus, in the discussion below, the Court will address whether to grant Defendant leave to amend its operative responsive pleading to properly reassert its Counterclaim. *See Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (noting that courts may, in certain circumstances, construe a party's various filings as a request for leave to amend, even absent any formal request, where doing so "is in keeping with the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities").

### B. Leave to Amend

In a footnote within its Motion, Defendant indicates that it intends to seek leave to reassert its Counterclaim under Rule 15, in the event this Court denies the relief requested. Accordingly, in the interests of conserving limited judicial resources, the Court will address whether amendment would be proper in this case.

Federal Rule of Civil Procedure 15 generally governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under Rule 15, a litigant should generally be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Menudo Int'l, LLC v. In Mia. Prod., LLC*, No.

17-cv-21559, 2018 WL 8311386, at *4 (S.D. Fla. Jan. 12, 2018) ("The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief.'" (quoting *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014))). Nevertheless, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The amendment standards of Rule 15 apply with equal force when determining whether to permit amendment to add an omitted counterclaim. *See* Fed. R. Civ. P. 13 advisory committee's note to 2009 amendment; *see also* Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.[8] Ultimately, a court's decision on whether to grant a litigant the opportunity to amend is discretionary. *See Foman*, 371 U.S. at 182.

Additionally, as the Eleventh Circuit has explained, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998). Rule 16 states that requests for leave to amend after the applicable deadline, as set forth in a court's

---

[8] Generally, "Courts have interpreted the[] provisions [of Rules 13 and 15] liberally, in line with the Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co.*, 517 F.2d at 220 (citing *Foman*, 371 U.S. 178; *Sherman v. Hallbauer*, 455 F.2d 1236 (5th Cir. 1972)). As such, "[e]ven where the addition of counterclaims could prolong the litigation, 'ultimately, allowing the [p]arties to litigate all of the disputes between them is in the interests of efficiency and justice.'" *Perez v. Elite Imaging, LLC*, No. 16-cv-24555, 2017 WL 666108, at *2 (S.D. Fla. Feb. 17, 2017) (quoting *P&E Constr., LLC v. HDJ Sec., Inc.*, No. 1:16-cv-33 (WLS), 2016 WL 4191027, at *5 (M.D. Ga. Aug. 5, 2016)). This determination of whether to permit amendment requires that a court balance both the circumstances presented and the pertinent equitable considerations, including, for example, the timing of a movant's request for leave to amend to assert an omitted counterclaim and any resulting prejudice to the party opposing the amendment. *See T.J. Stevenson & Co. v. 81,193 Bags of Flour*, 629 F.2d 338, 370 (5th Cir. 1980).

scheduling order, require a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation marks omitted); *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [courts] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the movant "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

When a request for leave to amend is presented after the scheduling order deadline, the movant must demonstrate good cause under Rule 16(b). Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citation omitted). "[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Id.* In this regard, a court's "evaluation of good cause [under Rule 16] is more stringent than its inquiry into the propriety of amendment under the more liberal Rule 15." *Id.* (citing *Sosa*, 133 F.3d at 1418). Moreover, a plaintiff "must establish good cause for their delay in seeking to amend the pleadings after the Court's deadline for amendment before the Court may consider whether to grant leave to amend under Rule 15." *Remington v. Newbridge Sec. Corp.*, No. 13-cv-60384, 2014 WL 505153, at *12 (S.D. Fla. Feb. 7, 2014).

In the instant case, Defendant submitted its request to amend on December 18, 2020, which was after the expiration of this Court's October 26, 2020, deadline to amend. Thus, the Court must first address whether good cause exists under Rule 16 before determining whether Defendant should be granted leave to amend under Rule 15. *Sosa*, 133 F.3d at 1418. After reviewing the

timing and course of proceedings throughout this litigation, however, the Court finds that Defendant could not have sought leave to amend, despite the exercise of reasonable diligence, until after the expiration of the amendment deadline. In particular, this Court's Order to Amend, which permitted Plaintiff to file its SAC, was issued three days after the deadline to amend had passed. *See* ECF No. [33]. Accordingly, Defendant could not have complied with the Court's Scheduling Order deadline and timely sought leave to amend its Answer to the SAC because Plaintiff did not file the SAC until after the October 26, 2020, deadline. Based upon the sequence of events in this action, the Court concludes that good cause exists for Defendant's delay in seeking to amend its pleading.

Having determined that good cause exists under Rule 16, the Court now turns to the question of whether Defendant should be granted leave to amend pursuant to Rule 15. *See Smith*, 487 F.3d at 1366-67. Rule 15(a) sets forth a liberal standard for permitting amendments where "the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief." *Menudo Int'l, LLC*, 2018 WL 8311386, at *4 (quoting *In re Engle Cases*, 767 F.3d at 1108). This Court need not allow an amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant*, 252 F.3d at 1163.

Plaintiff's Response states in passing that allowing Defendant to continue litigating its previously abandoned Counterclaim would be highly prejudicial.[9] Remarkably, however, Plaintiff fails to provide any explanation regarding this alleged prejudice. Moreover, as Defendant points out, Plaintiff has been on notice of the Counterclaim since it was originally filed on September 10,

---

[9] Plaintiff does not argue that amendment is unwarranted due to futility or undue delay, bad faith, dilatory motive, or repeated failure to cure previous pleading deficiencies. As such, the Court need not address these considerations.

2020, and the parties have been litigating the issues raised in the Counterclaim throughout the course of these proceedings. Furthermore, "[e]ven where the addition of counterclaims could prolong the litigation, 'ultimately, allowing the [p]arties to litigate all of the disputes between them is in the interests of efficiency and justice,'" and Plaintiff has failed to make any showing to the contrary here. *Perez*, 2017 WL 666108, at *2 (quoting *P&E Constr., LLC*, 2016 WL 4191027, at *5).[10] Absent any substantiated showing that Plaintiff will be unduly prejudiced if Defendant reasserts its Counterclaim, the Court concludes that Defendant should be granted leave to amend its Answer to the SAC in order to properly reassert its Counterclaim. Therefore, to the extent that Defendant seeks leave to amend its Answer to the SAC to reassert its previously raised Counterclaim, the Motion is granted.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [37]**, is **GRANTED in part and DENIED in part** as follows:

1.  The Motion is **GRANTED** to the extent that Defendant requests leave to file an amended answer. **By no later than January 20, 2021**, Defendant may amend its Answer and Affirmative Defenses to the Second Amended Complaint, ECF No. [35], to properly reassert the Amended Counterclaim, ECF No. [19], in a manner that complies with this Court's Local Rules and the Federal Rules of Civil Procedure, as discussed in this Order. <u>All future filings in this action by either party must strictly</u>

---

[10] Plaintiff also argues that if Defendant's Counterclaim is deemed to be valid, then Plaintiff's MTD should have also been carried over to the operative pleading, as the SAC did not affect any of the arguments presented in the MTD. This argument is not well taken. As explained at length above, where a party files an amended pleading, the original pleading is no longer the operative pleading in the case. *See Lowery*, 483 F.3d at 1219 ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Additionally, in denying the MTD as moot, this Court exercised its inherent authority to manage its docket in an orderly fashion, thereby avoiding any confusion arising out of the various issues raised across multiple pleadings and motions that cross reference each other. *See Equity Lifestyle Props., Inc.*, 556 F.3d at 1240 (quoting *Chambers*, 501 U.S. at 43).

Case No. 20-cv-23251-BLOOM/Louis

comply with the Federal Rules of Civil Procedure and this District's Local Rules.

2. The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 11, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record