# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-23251-BLOOM/Louis

STONE TECHNOLOGY (HK) CO., LTD.,

     Plaintiff,

v.

GLOBALGEEKS, INC.,

     Defendant.

_____/

## ORDER ON EXPEDITED MOTION FOR
## VIRTUAL APPEARANCE OF WITNESSES IN TRIAL

**THIS CAUSE** is before the Court upon Plaintiff's Amended Expedited Motion for Virtual Appearance of Witnesses in Trial. ECF No. [131] ("Motion"). Defendant submitted an expedited response in opposition to the Motion. ECF No. [134] ("Response"). The Court has carefully reviewed the Motion, all related submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

### I. BACKGROUND

Plaintiff requests that its two corporate representatives be permitted to appear virtually at trial because both witnesses live in China, explaining that, due to the COVID-19 pandemic, travel to and from China is very difficult. In particular, Plaintiff states that both the United States and China are implementing quarantine policies for travelers and are placing restrictions on the purchase of airline tickets. As such, Plaintiff proposes that these witnesses be permitted to virtually appear at trial from a neutral jurisdiction in Hong Kong. Defendant, however, opposes the Motion, arguing that Plaintiff has failed to establish any good cause or compelling circumstances for the requested relief, as required under Federal Rule of Civil Procedure 43(a). Rather, Defendant

contends that the request for Plaintiff's witnesses to appear virtually at trial is premised solely upon the inconvenience to these witnesses. Defendant states that this inconvenience, on its own, is insufficient to justify the witnesses' remote appearance, especially where Plaintiff drafted the underlying contractual agreements in this case to require litigation of the parties' disputes in Florida. Defendant therefore argues that these travel inconveniences were reasonably foreseeable from the filing of this action and that Plaintiff's delay in raising this issue before the Court is grounds for denial. Finally, Defendant notes that allowing the witnesses' virtual appearance at trial presents significant concerns, as evidenced by the parties' experience in taking the remote deposition of one of Plaintiff's corporate-representative witnesses.

## II. DISCUSSION

Federal Rule of Civil Procedure 43(a) states that:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).

Moreover, the Advisory Committee Notes on the 1996 Amendment to Rule 43 clarify the requisite "good cause" and "compelling circumstances," explaining that

> [c]ontemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.

Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.

. . . .

A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Here, Plaintiff has failed to establish any good cause or compelling circumstances justifying its corporate representatives' purported need to remotely appear at trial. Instead, the explanations submitted to the Court reflect the entirely foreseeable inconvenience to these witnesses of having to interrupt their schedule to attend trial in person, and the imposition of additional COVID-19 restrictions does not substantially affect this conclusion. Moreover, Plaintiff, in bringing this action, is responsible for bearing the burdens and costs of litigating its case, including costs and restrictions associated with securing travel and lodging. As the Advisory Committee's Notes explain, this inconvenience is not the type of "good cause" or "compelling circumstances" that would warrant granting Plaintiff's Motion. *See Bridges v. United States*, No. 3:15-cv-1248-J-25PBD, 2017 WL 3730569, at *1 (M.D. Fla. May 30, 2017) (denying the plaintiff's request for expert witnesses to testify remotely based on the experts' alleged unavailability at trial because they lived and worked more than 100 miles from the courthouse); *see also Lamonica v. Safe Hurricane Shutters, Inc.*, No. 07-61295-CIV, 2011 WL 917726, at *1

(S.D. Fla. Feb. 18, 2011) (concluding that the alleged financial and logistical burdens of attending trial did not constitute "good cause" or "compelling circumstances" for the purposes of Rule 43).

Likewise, Plaintiff has failed to provide the Court with any unexpected reason that would warrant its witnesses' remote appearance. *See Hamprecht v. Hamprecht*, No. 2:12-cv-125-FtM-29, 2012 WL 1367534, at \*2 (M.D. Fla. Apr. 19, 2012) (denying motion to testify remotely at trial because the plaintiff failed to provide any "unexpected reasons" that would establish compelling circumstances under Rule 43). Indeed, trial in this matter has been scheduled since August 26, 2020, *see* ECF No. [13], and Plaintiff's corporate representatives have been on notice of the need to travel and appear in person for these proceedings for a significant amount of time. In light of Plaintiff's delay in seeking this relief and in the absence of any compelling reasons justifying remote appearance, the Court is unpersuaded that relief should be granted under Rule 43(a). *See Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-Orl-37DCI, 2019 WL 3854762, at \*1 (M.D. Fla. Mar. 26, 2019) (denying request to permit expert to testify remotely at trial, and explaining that the motion failed to indicate "whether Plaintiffs informed [the expert] of the trial period that was set almost a year ago and the importance of his availability to testify at trial. . . . whether Plaintiffs could have reasonably foreseen availability conflicts . . . and what they did to ensure his appearance at trial"); *see also Bridges*, 2017 WL 3730569, at \*1 (noting that trial had been set for more than a year and the plaintiff failed to explain why the witnesses did not keep their schedules open during the trial period). The Court therefore concludes that Plaintiff has failed to satisfy the requirement for "good cause in compelling circumstances" as set forth in Rule 43(a). Accordingly, Plaintiff's Motion is denied.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [131]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 12, 2021.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record