UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23251-BLOOM/LOUIS

STONE TECHNOLOGY (HK)
CO., LTD.,

    Plaintiff,

v.

GLOBAL GEEKS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Defendant's Motion to Compel Second Chair Counsel for Plaintiff ("Motion to Compel") (ECF No. 83). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge (ECF No. 135). A hearing was conducted on August 3, 2021. Having considered the Motion, Plaintiff's Response (ECF No. 97), Defendant's Reply (ECF No. 122), and the arguments raised at the hearing, the undersigned respectfully recommends that the Motion be **DENIED**, without prejudice as follows.

Defendant seeks an entry of an order requiring Plaintiff to retain additional counsel for trial, which is currently set for September 13, 2021. This request is premised on the claim that Plaintiff's counsel, Mr. Liu, designated himself as a fact witness and it is likely that Defendant will call him to testify at trial. However, Defendant's Motion to Compel relies solely on Rule 4-3.7(a) of the Rules Regulating the Florida Bar, which lists certain instances in which a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness *on behalf*

*of the client*" (emphasis added).

Defendant contends it is possible for a conflict *requiring disqualification* to arise if a party calls the opponent's lawyer as a witness and the lawyer's testimony is adverse to the client's position. Defendant relies on *Pharma Supply, Inc. v. Stein*, 2014 WL 4261011, *5 (S.D. Fla. Aug. 28, 2014), for this proposition. The court there found that the moving party failed to meet its burden of showing that the opposing attorney would be called as a witness or that his testimony would be so adverse as to require his disqualification. In this case, Defendant's Motion acknowledged that the attorney's testimony "may not rise to the level of adversity to mandate removal as counsel entirely," and indeed does not yet seek to have Mr. Liu removed from the case. Rather, Defendant seeks only to compel Plaintiff to obtain a second chair—a request for which they provide no support in law.

While the Motion, Plaintiff's Response, and the Reply are silent as to whether Plaintiff also intends to call Mr. Liu as a witness on behalf of his client, Mr. Liu proffered at the hearing that he may need to testify on behalf of his client to lay a foundation to introduce an email, which was characterized as a key but uncontested document. However, at the present time, Plaintiff has not determined the necessity of calling Mr. Liu as a witness; the likelihood of that remains dependent, at least in part, on whether Plaintiff's two corporate representatives will appear at trial in person.[1] According to the Order scheduling trial and setting pretrial deadlines, by no later than August 30, 2021, Plaintiff will have to serve and file its final trial witness list, pursuant to the current scheduling order (ECF No. 133), and by that time, it will no longer be an open question whether Mr. Liu will be likely to testify on behalf of his client.

---

[1] Plaintiff requested that its two corporate representatives be permitted to appear virtually at trial, citing the COVID-19 pandemic and travel restrictions, (ECF No. 131); the Court, however, recently denied this request, finding Plaintiff failed to satisfy the requirement for "good cause in compelling circumstances" set forth in Federal Rule of Civil Procedure 43(a) (ECF No. 136).

Even if Mr. Liu was to testify at trial, Plaintiff urged that an exception to Rule 4-3.7(a) would not require his disqualification, for Rule 4-3.7(a)(1) allows a lawyer to act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client if "the testimony relates to an uncontested issue." Mr. Liu characterizes the sole area of testimony on which he may have to testify—laying a foundation for the admission of an email on which he is copied—as an uncontested issue. Defendant did not challenge Liu's characterization of the email, though in fairness, it was raised for the first time at the hearing and not addressed in Plaintiff's Response. Nonetheless, while the potential for disqualification is brewing, it is insufficient at this posture to conclude that it is "likely" that Mr. Liu will be called as a witness.

Finally, no authority for Defendant's requested relief was advanced in the Motion or at the hearing. Accepting that Defendant is not seeking disqualification, and the facts do not as of yet require it, Defendant nonetheless requests that Plaintiff be required to obtain stand by counsel in order to avoid an issue that could potentially delay the scheduled trial date. Of course, the Court retains both the authority and discretion to determine, should Plaintiff decide to rely on Mr. Liu for his testimony, that the disqualification of counsel at that juncture does not establish good cause required for the continuation of a trial date. Fed. R. Civ. Pro. 16(b)(4). As noted at the hearing, Plaintiff is in the best position to know the likelihood of Mr. Liu being called as a necessary witness on behalf of his client; an assessment Plaintiff should be making without awaiting a court order disqualifying Mr. Liu.

Accordingly, it is the Recommendation of the undersigned that the Motion be **DENIED**, without prejudice.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of

Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 9th day of August, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record