UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23251-BLOOM/Louis

STONE TECHNOLOGY (HK) CO., LTD.,

    Plaintiff,

v.

GLOBALGEEKS, INC.,

    Defendant.
_____/

## ORDER ON EMERGENCY MOTION

**THIS CAUSE** is before the Court upon Plaintiff's Emergent Unopposed Motion to Extend Deadline to Submit Jury Instructions and Pre-Trial Stipulation, ECF No. [162] ("Motion"), filed on August 30, 2021. The Motion requests an extension of the deadline to file the parties' pre-trial stipulation and proposed jury instructions and represents that the Motion is unopposed. However, Defendant has filed a response to the Motion which clarifies that Defendant does not oppose the extension but does oppose extending the relevant deadlines until the Sunday of a holiday weekend (i.e., until September 5, 2021). *See* ECF No. [165] ("Response").

Additionally, and most concerningly, the Motion includes a certification of emergency, as required under Local Rule 7.1(d)(1), which certifies that the Motion presents a true emergency, based upon Plaintiff's counsel's review of the facts and research of the applicable legal principles. *See* ECF No. [162] at 2; *see also* S.D. Fla. L.R. 7.1(d)(1). Tellingly, Plaintiff's counsel fails to cite to a single applicable case that would warrant seeking emergency relief for an inability to meet a Court deadline, especially where that inability is a result of counsel's own inexplicable lack of diligence. Indeed, had Plaintiff's counsel read the Local Rule on emergency motions, he would

have understood that "[m]otions are not considered emergencies if the urgency arises because of the attorney's or the party's own dilatory conduct." S.D. Fla. L.R. 7.1(d)(1). Rather, a quick review of the relevant case law in this District reveals that

> [b]ona fide emergencies involve the health and safety of individuals, the impending departure of a witness with no plans to return to the jurisdiction, the imminent destruction of a building or other property, the imminent deportation of an individual to another country, the need to give critical medical treatment to a patient in a hospital, the threatened loss of civil rights, the immediate, threatened loss of an entire business, or when someone is at risk of being denied an essential service.

*Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016). Simply put, counsel's own delay in complying with this Court's deadlines is *not* a basis for seeking emergency relief. There is no good faith basis for Plaintiff's designation of the current Motion as an emergency, made even more apparent by the absence of a single citation supporting such a request.

Unfortunately, Plaintiff and Plaintiff's counsel fail to recognize and appreciate that emergency motions, and expedited motions,[1] are treated seriously by the Court. Plaintiff's improper emergency designation has inconvenienced not only the Court, but also litigants in other cases who have had their matters delayed due the Court's immediate attention to this matter. As explained by this Court:

> When a party designates a motion as an emergency, it triggers consequences. Basically, it is akin to sounding an alarm in the chambers of the district court judge and the magistrate judge assigned to the case. And that is exactly what happened here. The law clerk working with the Undersigned on this case received a phone call from the District Court's chambers, alerting us to the existence of an emergency motion. As a result, the Undersigned and the law clerk immediately put aside other work in other cases in order to quickly address the purported emergency.

---

[1] Notably, Plaintiff previously filed a total of eight "expedited" motions, many of which also sought to modify Court-imposed deadlines. *See* ECF Nos. [119], [129], [131], [143], [145], [147], [152], & [156].

*VMR Prod., LLC v. Elec. Cigarettes Outlet, LLC*, No. 12-cv-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013); *see also Idoc Holdings, Inc. v. Goethals*, No. 21-cv-21540, 2021 WL 1601198, at *2 (S.D. Fla. Apr. 23, 2021). Plaintiff's counsel is cautioned not to file any additional "emergency" motions unless it constitutes an emergency. The future unwarranted designation of a motion as an emergency *will* result in sanctions. *See* S.D. Fla. L.R. 7.1(d)(1).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion, **ECF No. [162]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record