UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23251-BLOOM/LOUIS

STONE TECHOLOGY (HK)
CO., LTD.,

      Plaintiff/Counter-Defendant,

v.

GLOBAL GEEKS, INC.,

      Defendant/Counter-Plaintiff.

_____/

## ORDER DENYING MOTION TO DISQUALIFY

**THIS CAUSE** comes before the Court upon Defendant/Counter-Plaintiff Global Geeks Inc.'s ("Global") Expedited Motion to Disqualify James Liu, Esq. as Trial Counsel in this Case ("Motion to Disqualify") (ECF No. 173). This matter was referred to the undersigned by the Honorable Beth Bloom, United States District Judge (ECF No. 135). A hearing was conducted on September 20, 2021. Having considered the Motion, Plaintiff/Counter-Defendant Stone Technology's ("Stone") Response (ECF No. 182), Defendant's Reply (ECF No. 183), and the arguments raised at the hearing, Defendant's Motion to Disqualify is **DENIED**.

Motions involving the disqualification of counsel must be determined according to the standards imposed by the Florida Rules of Professional Conduct. *Etkin & Co. v. SBD LLC*, No. 11-21321-CIV, 2012 WL 5398966, at *2 (S.D. Fla. Nov. 5, 2012) (citations omitted). "Disqualification of one's chosen counsel is a drastic remedy that should be resorted to sparingly." *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309, 1310 (S.D. Fla. 2010) (citing *Norton v. Tallahassee Mem'l Hosp.,* 689 F.2d 938, 941 n.4 (11th Cir.1982)).

Rule 4-3.7 of the Florida Rules of Professional Conduct mandates disqualification of an attorney who serves as both counsel and a necessary witness in the same action with few exceptions. Fla. Bar Reg. R. 4-3.7. "The party seeking to disqualify the counsel of his opponent has the burden to prove that the attorney's testimony is necessary." *Silvers v. Google Inc.*, 05 80387 CIV RYSKAMP, 2007 WL 141153, at \*1 (S.D. Fla. Jan. 16, 2007).

In his Motion to Disqualify, Defendant seeks the disqualification of counsel for Plaintiff, James Liu, Esq. ("Mr. Liu"), claiming Mr. Liu cannot act as both Plaintiff's advocate at trial and a necessary witness. Plaintiff counters that Mr. Liu is not a necessary witness and would only be testifying regarding a March 30, 2020 email from the Chief Executive Officer of Global Geeks. Plaintiff has since withdrawn its intention to rely on Mr. Liu for trial testimony. Notwithstanding, Defendant's Reply advances several areas of examination it avers will necessitate Mr. Liu's testimony.

This is the second opportunity the undersigned has had to consider a challenge to Mr. Liu as trial counsel for Plaintiff based on the potential that he may be required to testify at trial. In recommending that Defendant's first challenge be denied, I noted that Defendant's challenge was then predicated on the potential that Plaintiff would rely on Mr. Liu's testimony, without clear indication that he was in fact a necessary witness. ECF No. 141 (adopted by ECF No. 159). As noted at that first hearing, the extent to which either Party would seek to rely on Mr. Liu to testify about any issue in dispute depended, at least in part, on what material issues would remain to be decided at trial after resolution of the pending motions for summary judgment. Since that time, I have had significant opportunity to evaluate the Parties' respective claims, defenses, and evidence in the context of preparing a Report and Recommendation on those summary judgment motions, and as a result, have a vastly improved understanding of what possible testimony Mr. Liu might be able to offer.

At the September 20, 2021 hearing defense counsel could not articulate any testimony from Mr. Liu necessary to either Parties' claims or defenses.  With respect to the areas of testimony identified in its Reply, defense counsel could not deny that if Plaintiff attempted to elicit any testimony through Mr. Liu about, for example, the Parties' negotiations over unexecuted agreements, defense counsel would contest the admissibility of the testimony, particularly on relevancy grounds. Unable to meet its burden to show Mr. Liu's testimony is expected, much less necessary, Defendant has failed to carry its burden on this Motion seeking his disqualification as trial counsel.  Accordingly, Defendant's Motion to Disqualify (ECF No. 173) is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida, this 20th day of September, 2021.

_____

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record